PEOPLE *v.* BARNES.

1. INTOXICATING LIQUORS — ILLEGAL SALE — REMARKS OF PROS-
    ECUTOR.

    Upon a prosecution for keeping a place for the sale of intoxi-
        cating liquors in violation of the local option law, the con-
        tents, occupants, and appliances of respondent's place of
        business, and their adaptability to traffic in liquor, are proper
        matters of inquiry, and the prosecutor, therefore, has the right
        to "submit" in his argument that the room which the respond-
        ent is charged with keeping was fitted up for the express pur-
        pose of violating the law.

2. SAME—LOCAL OPTION LAW—PRINCIPALS IN CRIME.

    All who aid and assist in keeping a place where intoxicating
        liquor is sold in violation of the local option law, whether as
        owner or clerk, are principals. *People* v. *Rice*, 103 Mich. 350,
        followed.

Exceptions before judgment from Van Buren; Buck, J.
Submitted April 29, 1897.   Decided May 28, 1897.

Will Barnes was convicted of violating the local option
law.   Affirmed.

*T. J. Cavanaugh*, for appellant.

*James E. Chandler*, Prosecuting Attorney, for the
people.

HOOKER, J.   On appeal from a conviction of the offense
of "keeping a place where intoxicating liquors were sold"
on and between the 1st day of July and the 6th day of
August, 1895, the defendant relies upon the following
errors:

1. That the prosecuting attorney, in his argument, said
to the jury, "I submit to you that this room was fitted up
for the express purpose of a violation of the local option
law, so no one would be caught at it."
2. That the court failed to direct an acquittal upon the

ground that another person had been convicted of keeping said place at the time covered by the complaint.

3. That the court erred in his charge as to the effect of circumstantial evidence.

It was proper to take into consideration the character of the place, its contents, occupants, and appliances, as bearing upon the question whether or not it was a place where intoxicating liquor was sold. The prosecuting attorney seems to have argued to the jury that it was, and we think the evidence justified it. His language was not an assertion of a fact, not even a statement that it was his inference from the testimony, but he *submitted* to the jury the propriety of finding the fact stated. This he had a right to do, under the evidence.

The second question is ruled by the case of *People* v. *Rice*, 103 Mich. 350, 359, where it was held that all who aid or assist in keeping a place of this character, whether as owner or clerk, are principals.

The instructions relating to circumstantial evidence appear to fairly cover the question, and we think the case is devoid of error.

The conviction is affirmed.

The other Justices concurred.