[No. 17052. Department Two. June 23, 1922.]

THE STATE OF WASHINGTON, *Respondent*, v. G. ROSI, *Appellant*.[1]

CRIMINAL LAW (263)—TRIAL—INSTRUCTIONS—COMMENT ON FACTS. Upon an issue as to an alibi, it is not unlawful comment on the evidence, in instructions to the jury, to refer to the "incriminating evidence introduced by the state," where the jury were repeatedly instructed that they were the sole judges of the facts.

SAME (82)—BURDEN OF PROOF—MATTERS OF DEFENSE. Upon an issue as to an alibi it is proper to instruct that the burden is upon the accused to support his defense to the extent of establishing a reasonable doubt as to his guilt.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered October 15, 1921, upon a trial and conviction of being a jointist. Affirmed.

*A. B. Bell* and *Harry E. Phelps* (*James F. O'Brien*, of counsel), for appellant.

*J. W. Selden*, *T. F. Ray*, and *J. A. Sorley*, for respondent.

[1]Reported in 208 Pac. 15.

HOLCOMB, J.—Two errors are assigned by appellant to obtain a reversal of the verdict and judgment of guilty in the court below.

The first is based upon an instruction to the jury, excepted to by appellant, and the second is based upon the refusal of the court to grant a new trial for the alleged error contained in the instruction assailed.

The instruction complained of is as follows:

"A defense interposed by the defendant in this case is an alibi; that is, that the defendant was at another place at the identical time the crime was committed, if committed at all.

"When the state makes out such a case as would sustain a verdict of guilty and the defendant offers evidence, the burden is upon him to make out his defense as to an alibi, but it is not incumbent upon him to prove an alibi beyond a reasonable doubt; and when the proof is all in, both that given by the state and for the defendant, then the primary question is (the whole evidence being considered), is the defendant guilty beyond a reasonable doubt? The law being that, if after you have considered all the evidence, as well that touching the alibi as the incriminating evidence introduced by the state, you have a reasonable doubt of the guilt of the accused, you should acquit and if you have not you should convict."

The error urged is that the court alluded to the evidence introduced by the state as "incriminating" in the above instruction. It is insisted that the use of the word "incriminating" constituted a comment upon the evidence forbidden by § 16, art. IV, of the constitution of Washington, providing that "Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law."

It is asserted by appellant that the trial court invaded the province of the jury and commented upon the facts of the case sufficient to convey to their minds

that, in his opinion, witnesses had testified to facts incriminating the appellant. *State v. Walters,* 7 Wash. 246, 34 Pac. 938, 1098, is relied upon to sustain this contention.

In that case, in one instruction, using the words "tending to incriminate" in referring to witnesses who had testified to facts in the case, and the use of the words "incriminating evidence" in another instruction relating to the possession of stolen property, were considered unlawful comments upon the facts by the trial court, for which the conviction was reversed.

Later, however, in *State v. Surry,* 23 Wash. 655, 63 Pac. 557, the same judge who wrote the opinion in the case of *State v. Walters, supra,* restricted its application by the following language:

"While we are not disposed to overrule the prior decisions of this court as to the object and scope of this constitutional provision, we are not prepared to extend the rule enunciated in those cases so far as to hold that every casual, inadvertent or unnecessary remark made by the judge in reply to a proposition or suggestion of counsel constitutes a sufficient ground for reversing the judgment. In our opinion, it is only such remarks of the presiding judge during the course of a trial as might reasonably influence the mind of an ordinary juror that can justly be said to be inimical to the constitution. And whether error has been committed in a given case must, therefore, depend upon the particular facts and circumstances therein disclosed."

In the later case of *State v. Manderville,* 37 Wash. 365, 79 Pac. 977, which was a prosecution for homicide, an instruction was given on the matter of the reputation of the defendant almost identical with the instruction given in *State v. Walters, supra,* on that matter, and using the word *criminating* in alluding to the testimony of witnesses, we said:

"But, after careful consideration, we are convinced that, while this instruction is open to criticism, it nevertheless does not constitute reversible error in this case. An examination of the statement of facts shows that, among other instructions which carefully guarded the rights of the defendant, the trial court gave the following:

" 'Under the constitution and laws of this state, the jury are the sole judges of the facts, and the judge is prohibited from commenting upon the facts. Therefore, if in ruling upon objections, or in answering questions asked by counsel for either the state or defendant, or in any other way, or under any other circumstances, the court has commented upon the testimony in this case, the court instructs you that you are to disregard entirely any and all such comment by the court, if any has been made.'

"In the case of *State v. Walters, supra,* it does not appear that this warning instruction was given."

In the case at bar, the jury were repeatedly instructed that they were the sole judges of the facts, and of the force and effect they should give to the testimony of each witness; and that, "if in the trial of the case, or in the instructions the court seems to have commented upon any question of fact, or upon the evidence, it is not intended by the court and should be disregarded by the jury. That the court's responsibility was with the law, and the jury's with the facts, of which they were the sole judges."

These instructions bring this case within the rule in *State v. Manderville, supra.* The judgment is not, therefore, reversible for the cause claimed.

It is also urged that the same instruction was erroneous in that part reading as follows:

"When the state makes out such a case as would sustain a verdict of guilty and the defendant offers evidence, the burden is upon him to make out his de-

fense as to an alibi, but it is not incumbent upon him to prove an alibi beyond a reasonable doubt;''

It is urged that the objectionable matter of this instruction is that it shifts the burden of proof to the defendant to prove a negative, to wit: that he was not at the place where the crime was committed, if committed. The premise stated by appellant in support of this contention is incorrect, namely, that it shifts the burden of proof to the defendant of proving a negative. When appellant offered the defense of an alibi he offered the defense that he was at another place at the time the crime was committed, if committed at all. That is the meaning of an alibi. That is the statement of an affirmative proposition, that is, that at the time alleged he was at another place, and it has therefore always been held that the burden is upon him to prove his proposition that he was at another place at the time the crime was committed, if committed at all, to the extent stated by the trial court in its instruction, namely, that it is not incumbent upon him to prove an alibi beyond a reasonable doubt, but that when the proof is all in, both that given by the state and the defendant, then the primary question is (the whole evidence being considered), is the defendant guilty beyond a reasonable doubt? And if the jury, after considering all of the evidence, both for the state and the defendant, have reasonable doubt of the guilt of the accused, they should acquit.

As to all such affirmative defenses we have always held that the burden is upon the accused to support his defense to the extent of establishing a reasonable doubt in the minds of the jurors as to the guilt of the accused of the crime charged.

Thus in *State v. Melvern,* 32 Wash. 7, 72 Pac. 489, we held that, where homicide is proven beyond a rea-

sonable doubt, the presumption is that it is murder in the second degree, and if the defendant would reduce it to manslaughter the burden is upon him to establish it. This has been followed in a long line of cases unnecessary to cite.

In *State v. Clark,* 34 Wash. 485, 76 Pac. 98, 101 Am. St. 1006, a prosecution for murder, where the defense interposed was insanity, we held that the burden was upon the defendant to establish the defense by a preponderance of the evidence.

In *State v. Eubank,* 33 Wash. 293, 74 Pac. 378, we held that, where animals are allowed to run on the range, proof of possession of the animal puts the burden upon the defendant of explaining such possession. See, also, Wharton's Criminal Evidence (9th ed.), § 333.

We find no error, and the judgment is affirmed.

MAIN, MACKINTOSH, and HOVEY, JJ., concur.