314 STATE v. BUSSI.

Opinion Per FULLERTON, J. [121 Wash.

[No. 17202. Department One. September 27, 1922.]

THE STATE OF WASHINGTON, *Respondent*, v. MARUIO BUSSI, *Appellant*.[1]

INTOXICATING LIQUORS (31, 50)—OFFENSES—JOINTIST—EVIDENCE—SUFFICIENCY. A conviction of being a jointist, defined by Rem. Comp. Stat., § 7328, to include one who opens up, conducts or maintains any place for the unlawful sale of intoxicating liquor, is not sustained by evidence that accused, who was employed to sweep, clean and care for bedrooms in a lodging house, sold liquor therein; the place being maintained and conducted by another.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered March 8, 1922, upon a trial and conviction of being a jointist. Reversed.

*Boyle & Boyle,* for appellant.

*J. W. Selden, J. A. Sorley,* and *T. F. Ray,* for respondent.

FULLERTON, J.—Maruio Bussi was charged by an information filed in the superior court of Pierce county with the crime of maintaining a place for the unlawful sale of intoxicating liquor; the place being described in the information as "the upstairs portion of the building known as the Maze Hotel, located at 811 Pacific Avenue, in the city of Tacoma." At the trial he was found guilty and was sentenced to a term in the penitentiary. From the judgment of conviction, he appeals.

The evidence disclosed that the place which the appellant was charged with maintaining was under the control and management of a Mrs. Sanderson, who conducted it ostensibly as a lodging house. The appellant was employed therein as servant, his duties being to care for the bedrooms, sweep and clean the

[1] Reported in 209 Pac. 523.

house, and perform such other work as Mrs. Sanderson should direct. Prior to the time of his arrest, he had worked in the place for about two and one-half months. The compensation he received from Mrs. Sanderson was his board and lodging. There was no evidence that he ever had even the temporary control or management of the place.

On December 5, 1921, one Paul Sandeno and one Edward Johnson, who described themselves as operatives for a secret service bureau, engaged a room in the house, lodging therein until the 17th of the same month. On the day last named, shortly after the noon hour, they appeared at the lodging house with two other men, and meeting Mrs. Sanderson in a hall, asked her if she had anything to drink. She answered that she had, and showed the men into a room. Shortly thereafter she appeared in the room with a bottle of liquor and some drinking glasses and sold each of the men a drink of intoxicating liquor. Mr. Sandeno then asked her whether she had a bottle of liquor which she could spare. She answered that she had none in the house, but that the appellant, who was then on an errand, would return shortly and that she would send him for one. The appellant at that moment appeared, and the men seeing him, waited in the room. About fifteen minutes later, the appellant came into the room with a bottle of intoxicating liquor. He was asked its price, and answered, four dollars. This sum was paid him, when he delivered the bottle to Mr. Sandeno, who brought it away with him. There was evidence also that, on a prior occasion, one of the operatives bought a glass of liquor from Mrs. Sanderson, and evidence that intoxicated persons had been seen about the place. Later in the day, Sandeno and Johnson surrendered their room, turning the key over to the

appellant. At that time they questioned him concerning his business at the place, and were told by the appellant that he was working there because times were pretty hard with him, and that he was "trying to make some money by selling liquor."

The single question presented on the appeal is whether the evidence justifies the judgment of conviction.

From what we have said concerning the charge contained in the information, it will be observed that the appellant was prosecuted for a violation of the jointist statute. Laws of 1917, ch. 19, p. 60, § 17h. This statute in so far as it is applicable to the offense charged, reads as follows:

"Any person who opens up, conducts or maintains, either as principal or agent, any place for the unlawful sale of intoxicating liquor, be and hereby is defined to be a 'jointist'. . . . Any person convicted of being . . . a 'jointist' . . . as herein defined shall be deemed guilty of a felony and shall be punished by imprisonment for not less than one nor more than five years." [See Rem. Comp. Stat., § 7328.]

The offense denounced by the statute, it is at once apparent, is the opening up, conducting or maintaining a *place* for the unlawful sale of intoxicating liquor. While the offense may be committed by a person acting for himself, or by a person acting as the agent of another, it is an essential to a completed offense, no matter in which of these capacities the person may act, that he open up, conduct or maintain the prescribed place. It is further apparent that it is not an essential to a completed offense that a person who opens up, conducts or maintains a place for the unlawful sale of intoxicating liquor himself sell intoxicating liquor thereat; he is equally guilty if he opens up, conducts or maintains the place as a place for the unlawful sale

by another. It is apparent also, we think, that a person may unlawfully sell intoxicating liquor at a place maintained by another for that purpose without himself being guilty of maintaining the place. To conduct or maintain a place, in the sense in which these words are used in the statute, implies some sort of control over or management of the place, some right to direct the manner of its conduct or maintenance, something more than the mere permission to use the place for the unlawful purpose for which it is maintained; and this whether the person using it for the unlawful purpose pays a consideration for the privilege or not. There are certain things, it is true, the mere use of which necessarily implies a temporary control and management, but it is not so with a thing of this sort. One person may permit another to use a place which he maintains for the unlawful sale of intoxicating liquor, without even a temporary surrender of its management to that other. It must follow, therefore, that to show that a person unlawfully sold intoxicating liquor at a place maintained for the purpose, is not to show that the person maintained the place.

Turning to the evidence, it is at once clear that there was no evidence to show, when measured by these standards, that the appellant maintained the place described in the information filed against him. On the contrary, the evidence is direct and positive that the place was maintained by another, and that the appellant's connection therewith was to work as a servant for that other. While there he made an unlawful sale of intoxicating liquor. Whether the sale was on his own account or for his employer, the evidence was conflicting and will possibly bear either interpretation. But whichever interpretation is put upon it, it does not support the charge that he was maintaining the place.

It is not denied, of course, that the appellant was guilty of an offense against the laws. It was not, however, the offense with which he was charged, and it is familiar law that a person may not be charged with one offense and, upon the trial of such charge, be convicted of a separate and distinct or a non-included offense. The matter has, however, a much greater importance than this to the appellant; the offense with which he was charged is a felony, while the offense the evidence shows he committed is a misdemeanor.

The judgment is reversed, and the cause remanded with instruction to enter a judgment of acquittal.

PARKER, C. J., MITCHELL, BRIDGES, and TOLMAN, JJ., concur.