[No. 17815.  *En Banc.*  November 15, 1923.]

THE STATE OF WASHINGTON, *Respondent,* v. BATTISTA
                , PISTONA, *Appellant.*[1]

CRIMINAL LAW (82, 276)—INSTRUCTIONS—BURDEN OF PROOF—
MATTERS OF DEFENSE—ALIBI.  It is proper, in a criminal case, to
instruct, upon a defense of alibi, that the burden of proof is upon
the defendant to establish the defense, but that he need not do so
beyond a reasonable doubt.

SAME (263)—TRIAL—INSTRUCTIONS—COMMENT ON FACTS.  It is
not unlawful comment on the evidence in a criminal case for the
court in its instructions to make a reference to the "incriminating
evidence."

INTOXICATING LIQUORS (37)—OFFENSES—JOINTISTS—"MAINTAIN-
ING" PLACE—SERVANTS.  Under Rem. Comp. Stat., § 7328, defining
a jointist as one who conducts or "maintains," either as principal
or agent, a place for the unlawful sale of intoxicating liquors, one
employed as a bartender in such a place who sells the liquor is
guilty as a jointist, since he, acting as an agent, assists in main-
taining and conducting it as a place where liquor is sold.

Appeal from a judgment of the superior court for
Pierce county, Chapman, J., entered April 20, 1922,
upon a trial and conviction of being a jointist.  Af-
firmed.

*S. A. Gagliardi* and *Bates & Peterson,* for appellant.

*J. W. Selden, T. F. Ray,* and *J. A. Sorley,* for re-
spondent.

BRIDGES, J.—The appellant was convicted of the
crime of being a jointist.

The state's testimony tended to prove that the ap-
pellant was a bartender in a soft-drink place, in the
city of Tacoma; that, on various occasions, and par-
ticularly at the times mentioned in the information,
while acting as bartender, he sold drinks of intoxicating
liquor.  The appellant's testimony was to the effect

[1]Reported in 219 Pac. 859.

that, at the time charged in the information, he was not in the city of Tacoma, and also was not, at that time or at any other time, in any manner interested in the soft-drink place or had anything to do with it, and that its owners and proprietors were Del Monte and Alberto Innocenti.

The court gave the following, among other instructions:

"A defense interposed by the defendant in this case is an alibi; that is, that the defendant was at another place at the identical time the crime was committed, if committed at all. When the state makes out such a case as would sustain a verdict of guilty, and the defendant offers evidence, the burden is upon him to make out his defense as to an alibi, but it is not incumbent upon him to prove an alibi beyond a reasonable doubt; and when the proof is all in, both that given by the state and for the defendant, then the primary question is (the whole evidence being considered) is the defendant guilty beyond a reasonable doubt, the law being that, if, after you have considered all the evidence as well that touching the alibi as the incriminating evidence introduced by the state, you have a reasonable doubt of the guilt of the accused, you should acquit; if you have not, you should convict."

The appellant duly excepted to this instruction, and here insists that the following portion;

".   .   .   the burden is upon him to make out his defense as to an alibi, but it is not incumbent upon him to prove an alibi beyond a reasonable doubt,"

is reversible error, for the reason that the burden of proof in a criminal case is never upon the defendant but always rests with the state.

This identical instruction was given in the case of *State v. Rosi*, 120 Wash. 514, 208 Pac. 15, and was there assigned as error. After reviewing the authorities, we held that it properly stated the law to the jury. We have re-examined the authorities and are satisfied with

our ruling in that case. It may be conceded that the cases are not in harmony. The principles thought to be controlling and cases in support thereof may, in part, be found in 16 C. J. 533; 8 R. C. L. 174.

The appellant also argues that the court violated the state constitution when, in the instruction which we have quoted, he said ". . . . the law being that if, after you have considered all the evidence as well that touching the alibi as the incriminating evidence introduced by the state," claiming that the words "incriminating evidence" was a comment on the testimony. This identical question was also raised in the *Rosi* case, *supra,* and decided adversely to appellant's contention here, and we will not now interfere with the ruling we then made. While the instruction quoted is somewhat involved and may not be considered a model, yet it does not contain any reversible error.

The trial court instructed the jury as follows:

"The word 'maintain' as used in the law referred to [the jointist act] is applicable to persons cooperating in the instituting and administering of the establishment, whatever may be the peculiar relation they sustain to it, and to each other, in rendering such cooperation. It applies either to one who controls the occupation and procures or permits the illegal use, or to one who engages in the illegal use and thus maintains or aids in maintaining the place. Hence a clerk, or servant, waiting upon the patrons of an establishment where intoxicating liquor is sold, and who serves patrons of such establishment with intoxicating liquor, is an agent, in the meaning of the law; and a bartender serving patrons of such establishment with intoxicating liquor is such agent, if he cooperates in administering the business and aids in maintaining the place."

Appellant duly excepted to this instruction, and now insists that it was error to give it. His argument is to the effect that a mere servant, acting as a bartender,

in a place owned and controlled by another and of which he is in no sense the proprietor, is not a jointist simply because he sells intoxicating liquor therein. This presents a feature of our state prohibition law which has not, in exact terms, previously been before us. The statute under which the appellant was convicted reads as follows:

"Any person who opens up, conducts or maintains, either as principal or agent, any place for the unlawful sale of intoxicating liquor, be and hereby is defined to be a 'jointist'." Rem. Comp. Stat., § 7328 [P. C. § 3179h.]

This statute is broad in its terms. The manifest purpose was to put a stop to the practice of selling or permitting intoxicating liquor to be sold at a place provided or used for that purpose. It may be that one selling intoxicating liquor while acting solely in the capacity of a servant or bartender does not "open up" a place for the unlawful sale of liquor, but it seems clear to us that, in so doing, he not only "conducts" and assists in conducting, but also "maintains" and assists in maintaining such place. By each sale of intoxicating liquor, he necessarily assists, not only in maintaining, but in conducting the place. While on duty, he represents the owner in the conduct of the business. In making each sale, in making each charge and collection, he is the owner's agent within the purview of the statute.

But appellant argues that, if a bartender assists in conducting and maintaining such a place, so does the janitor and fireman. The answer to this argument is that the janitor and fireman do assist in maintaining and conducting the place, but do not assist in maintaining and conducting it as a place where intoxicating liquor may be had or sold, unless they wrongfully participate in those acts which would make the mainte-

nance and operation unlawful. If the legislature had intended to confine the offense to the owner or proprietor of such an establishment, it would doubtless have used words showing such limitation.

While no cases have been cited nor found by us which are directly in point, because, so far as we are aware, no other statute is worded just as ours is, yet there are many cases which are close and which in principle support the construction we have given the statute.

The rule as supported by the great weight of the cases is stated in 23 Cyc. 206, as follows:

"Where the offense charged is an illegal sale of liquor, that is, a sale without license or to a prohibited person or at a prohibited time and place, it is no defense that the accused acted merely as the agent or servant of another; if the circumstances are such that the principal would have been guilty if he had made the sale in person, his clerk or employee also is individually punishable. And in case of other offenses, such as keeping open at prohibited times, keeping liquor for sale unlawfully, or keeping or maintaining a liquor nuisance, it is generally held that a clerk or servant who assists in the specific acts or conduct charged is equally guilty with his principal and may be indicted and punished, especially where a statute extends the prohibition to persons employed in such capacities, although some of the cases hold the servant excused if he acted in his master's presence or under his control and direction, but guilty if the master was absent and the servant in control."

In *State v. Ross*, 86 Kan. 799, the statute considered was as follows:

"All places . . . . where persons are permitted to resort for the purpose of drinking intoxicating liquor as a beverage . . . . are hereby declared to be common nuisances; and every person who maintains or assists in maintaining such common nuisance shall be guilty of a midemeanor."

A traveling agent arrived at his hotel in the city of Topeka, Kansas, who had previously arranged for a barrel of beer to be shipped to his hotel from outside the state. He notified the porter of his hotel that the beer would arrive, and requested him to put it in a designated room, ice it, and serve it to him and his friends. This program was carried out for about a week, when the place was raided and the porter charged with keeping a common nuisance, in that he maintained and assisted in maintaining a place where persons were permitted to resort for the purpose of drinking intoxicating liquor as a beverage. Practically the same defense was made in that case as here, but the court held that the judgment of conviction should be upheld, saying:

"The porter was not his [the guest's] domestic servant but was an employee of the hotel proprietor in the conduct and management of the hotel's business and affairs. The defendant, in his custody, control and management of the liquor, storing it, locking it up, unlocking it, cooling it and serving it, adapted the hotel to the uses and conducted it according to the purposes of the resorting drinkers. The hotel was thus converted into a place where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage, the defendant maintaining the place in that way, and to that end, and every, element of the offense denounced by the statute appears."

In the case of *Commonwealth v. Kimball*, 105 Mass. 465, the defendant was found guilty of "keeping and maintaining a tenement as a liquor nuisance," in violation of the statute. The testimony showed that the defendant did not own, and was not the proprietor of, the place but was a mere clerk or agent. The court instructed the jury that,

"To constitute a person the keeper of a place, and to render him liable for keeping and maintaining a

place where intoxicating liquors were illegally sold, it is not necessary that he should be the owner or proprietor, or have any interest in the business, but it is enough if, during any portion of the time when the place was thus used, he was present, having the entire control over and superintendence of the place, and if the owner and keeper of the place leaves his clerk or servant in charge of the same, as for instance, for a day or the fraction of a day, and during his absence such clerk or agent does acts in pursuance of the usual business of the place, for such time the clerk or servant is the keeper of the place, and as such can be properly indicted and convicted, if during such time there is such illegal use of the premises, and the place and business were entirely under his control.''

This instruction was upheld, the court saying:

''The defendant was a clerk or servant of the proprietor; there was evidence that he had himself made several sales; and the jury must have found, under the instructions given them, that during some portion of the time, when the place was so used as to make it a nuisance, 'he was present, having the entire control of and superintendence, over the place.' If he had such control and superintendence, we do not think the length or shortness of the period is material.''

In *People v. Rice,* 103 Mich. 350, 61 N. W. 540, it was held that employment in a saloon as a bartender to sell, both in the presence and absence of the proprietor, liquors is aiding and assisting to maintain the place, and in a prosecution under the local option law for keeping a saloon where liquors were sold and furnished as a beverage, a bartender so employed may be charged as a principal.

In *Stevens v. People,* 67 Ill. 587, it was held that, to warrant the conviction of one as a keeper of a common gambling house, it is not necessary that he should have been the proprietor or lessee thereof, or directly interested in the profits of the business; that, if he had

the general superintendency or charge of the place, and was nothing more than an employee, he might be regarded as the keeper and as such aiding and abetting the offense.

In *Abel v. State,* 90 Ala. 631, it was held that a clerk or agent whose principal is unlawfully carrying on the business of a wholesale liquor dealer without a license, may be convicted on proof of an act of sale made by himself, although he had no pecuniary interest in the business other than as clerk or agent.

In *State v. Hoxsie,* 15 R. I. 1, 22 Atl. 1059, 2 Am. St. 838, it was held that both the proprietor and a servant might be convicted of keeping and maintaining a place as a nuisance.

In *State v. McGuire,* 64 N. H. 529, 15 Atl. 213, it was held that an indictment for keeping spirituous liquors for sale in violation of law may be maintained against one employed as a bartender by the owner of a saloon where the liquor is kept for sale.

In *People v. Barnes,* 113 Mich. 213, 71 N. W. 504, it was held that all who aid and assist in keeping a place where intoxicating liquor is sold in violation of the local option law, whether as owner or clerk, are principals and may be convicted as such.

See, also, the following cases: *State v. Cox,* 52 Vt. 471; *Marshall v. State,* 49 Ala. 21; *Bryan v. State,* 120 Ga. 201, 47 S. E. 574; *Lochnar v. State,* 111 Md. 660, 76 Atl. 586, 19 Am. & Eng. Ann. Cas. 579 and note.

The Massachusetts cases hold that the servant is not guilty of "keeping and maintaining" a place for the unlawful sale of liquor, if he make sales in the presence of the owner or proprietor, but that he is guilty if he make sales when the proprietor is absent from the place, even "for the fraction of a day." We think this distinction is not only too technical, but is against the great weight of authority. But even under that rule,

the evidence here was sufficient to sustain the verdict against the appellant. It shows that he was in charge of the place, sold the drinks and received the money therefor, and there is an entire absence of testimony tending to show that the proprietor was present when the sales were made.

The recent case of *State v. Bussi*, 121 Wash. 314, 209 Pac. 523, is cited as holding contrary to the views we have expressed. There were facts and circumstances in that case which distinguish it from this case and we do not consider it controlling.

It is our view that a bartender in a soft-drink place, who knowingly sells intoxicating liquors, in the manner here shown, is guilty as a "jointist," under the terms of our statute.

Appellant makes complaint of the conduct of the prosecuting attorney during the trial of the case. Without going into the details concerning this matter, suffice it to say that we do not think the prosecuting attorney's conduct, whether considered entirely proper or improper, was such as to prejudice the rights of the appellant before the jury.

The judgment is affirmed.

MAIN, C. J., PARKER, HOLCOMB, TOLMAN, MITCHELL, and PEMBERTON, JJ., concur.

MACKINTOSH, J. (concurring)—While I concur in the foregoing opinion, I think that the *Bussi* case, 121 Wash. 314, 209 Pac. 523, is not distinguishable, and is in effect overruled and that the fact should be so stated.