[No. 18191. Department Two. December 6, 1923.]

THE STATE OF WASHINGTON, *Respondent*, v. ANDY D. PROFFER, *Appellant*.[1]

INTOXICATING LIQUORS (37, 50)—OFFENSES—JOINTIST—CONDUCTING AND MAINTAINING PLACE—AGENT OR EMPLOYEE—EVIDENCE—SUFFICIENCY. One employed to have charge of a soft drink place in the proprietor's absence, who sells intoxicating liquors while so in charge, is a jointist, within Rem. Comp. Stat., § 7328, denouncing the conducting or maintaining of such a place by any person, acting either as principal or agent.

CRIMINAL LAW (82, 276)—INSTRUCTIONS—BURDEN OF PROOF—MATTERS OF DEFENSE—ALIBI. It is proper, in a criminal case, to instruct, upon a defense of alibi, that the burden of proof is upon the defendant to establish the defense, but that he need not do so beyond a reasonable doubt.

Appeal from a judgment of the superior court for Pierce county, Askren, J., entered March 1, 1923, upon a trial and conviction of being a jointist. Affirmed.

[1]Reported in 220 Pac. 774.

*Frank S. Carroll,* for appellant.

*J. W. Selden, J. A. Sorley,* and *T. F. Ray,* for respondent.

FULLERTON, J.—The appellant, Proffer, was convicted upon an information charging him with conducting and maintaining a place for the sale of intoxicating liquor.

The state's evidence tended to show that the appellant was an employee in a place of which another was owner and proprietor, and in which were conducted and maintained a card room, a billiard hall, a gymnasium, and an "old fashioned bar," over which was ostensibly sold various liquid mixtures commonly known as soft drinks. The state's evidence also tended to show that, during the absence of the proprietor, the appellant had charge and control of the place and represented the proprietor in its conduct and maintenance. It tended to show further that, during the proprietor's absence, the appellant, in addition to selling soft drinks across the bar, sold intoxicating liquors in the form of moonshine whiskey.

The first of the assigned errors is that the evidence does not support the charge laid in the information; the more precise contention being that it does not tend to prove that the appellant either conducted or maintained the place in which the intoxicating liquors were sold. But, in our opinion, the evidence was ample to support the charge. At the time the liquors were sold, the appellant was in sole charge of the place, and plainly was at that time conducting and maintaining it. He may have been doing so as the representative of his employer, but the statute is framed to meet such a condition. It denounces as a crime the conducting or maintaining of such a place by any person who acts

either as "principal or agent" (Rem. Comp. Stat., § 7328) [P. C. § 3179h], and the appellant was in this instance the agent of the principal within the meaning of that term as used in the statute. The length or shortness of the time he so conducts or maintains it is not material. The statute is directed against the act as an act, and a person is guilty of violating it who for any length of time conducts or maintains such a place. The authorities maintaining these principles were collected by us in the case of *State v. Pistona, ante* p. 171, 219 Pac. 859, and it is unnecessary to recite them here.

The second and last of the assignments of error is based upon an instruction of the court given to the jury. The instruction objected to is in the precise words of the instruction which we quoted at length in the case last above cited, and there held to be a correct statement of law. Measured by the rule of that case, there was no error in the instruction.

The judgment is affirmed.

MAIN, C. J., MITCHELL, BRIDGES, and PEMBERTON, JJ., concur.