[No. 18936. Department Two. January 16, 1925.]

### THE STATE OF WASHINGTON, *Respondent,* v. CHARLIE ANDERSON, *Appellant.*[1]

INTOXICATING LIQUORS (31, 50)—OFFENSES—JOINTIST—MAINTAINING PLACE—EMPLOYEES. A conviction of being a jointist is sustained by evidence that the accused assisted in conducting or maintaining the place for the purpose of unlawful sales, where it appears that he was employed to measure out and deliver to the bartender for delivery to the customer the desired quantity of intoxicating liquor.

SAME (49)—JOINTIST—EVIDENCE—REPUTATION OF PLACE. In a prosecution for being a jointist, it is proper to show that the place was generally reputed to be a place where intoxicating liquors were sold, upon an issue as to the accused's knowledge of the purpose for which the place was maintained.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered June 27, 1924, upon a trial and conviction of being a jointist. Affirmed.

[1] Reported in 232 Pac. 275.

*J. J. Lavin* and *E. W. Robertson,* for appellant.

*Chas.. H. Leavy* and *Edward M. Connelly,* for respondent.

FULLERTON, J.—The appellant, Charlie Anderson, was charged with, and convicted of, the crime of opening up, conducting and maintaining a place for the unlawful sale of intoxicating liquor.

The facts concerning the offense, which the jury were warranted in finding, were in substance these: One Tom Ohm had a license from the city of Spokane, authorizing him to sell soft drinks at a designated place therein. At the place designated he maintained a bar, over which he openly sold the commodities usually kept for sale in such places. Close to the bar in the floor of the barroom was a trapdoor, leading to a basement. In this basement was kept a stock of intoxicating liquors, with utensils capable of holding and measuring quantities of liquor from single drinks to pints, if not larger quantities. The police officers raided the place, entering the basement first, where they found the appellant sitting in a chair near the trapdoor, surrounded by the intoxicating liquors and utensils mentioned, with the trapdoor locked from its under side. In the main barroom into which customers entered, they found a number of whiskey glasses, a number of bottles, and a container in the form of a bowl partly filled with water. One of the bottles and the bowl, when seized, bore the odor of intoxicating liquor.

There was no evidence of actual sales of intoxicating liquors at the place. The appellant's learned counsel, however, do not seriously argue that the evidence was not sufficient to justify the jury in finding that one of the purposes for which the place was conducted and maintained was the unlawful sale of intoxicating liquor; but contend that the evidence was insufficient to justi-

fy a finding that the appellant had a part in the maintenance of the place. They argue that the evidence shows conclusively that the place was maintained by another, that the appellant's part therein was an employee, or, at most, an assistant, of that other, and that one who merely assists in the work at a place maintained by another for the unlawful sale of intoxicating liquor is not himself guilty of the principal offense.

The case of *State v. Bussi,* 121 Wash. 314, 209 Pac. 523, is relied upon to sustain the contention. The language of that case does, indeed, support the position taken, but a majority of the court has since concluded that the rule is therein stated too broadly. While we have not held that a person who does nothing more than the work that usually falls to the lot of a chambermaid or a janitor in a place conducted and maintained for the unlawful sale of intoxicating liquors is guilty of the offense of unlawfully conducting and maintaining the place, we have held that a servant or employee who actually engages in such unlawful sales is so guilty. In *State v. Pistonia,* 127 Wash. 171, 219 Pac. 859, we used this language:

"This statute is broad in its terms. The manifest purpose was to put a stop to the practice of selling or permitting intoxicating liquor to be sold at a place provided or used for that purpose. It may be that one selling intoxicating liquor while acting solely in the capacity of a servant or bartender does not 'open up' a place for the unlawful sale of liquor, but it seems clear to us that, in so doing, he not only 'conducts' and assists in conducting, but also 'maintains' and assists in maintaining such place. By each sale of intoxicating liquor he necessarily assists, not only in maintaining, but in conducting the place. While on duty, he represents the owner in the conduct of the business. In making each sale, in making each charge and collection, he is the owner's agent within the purview of the statute.

"But appellant argues that, if a bartender assists in conducting and maintaining such a place, so does the janitor and fireman. The answer to this argument is that the janitor and fireman do assist in maintaining and conducting the place, but do not assist in maintaining and conducting it as a place where intoxicating liquor may be had or sold, unless they wrongfully participate in those acts which would make the maintenance and operation unlawful. If the legislature had intended to confine the offense to the owner or proprietor of such an establishment, it would doubtless have used words showing such limitation."

See, also: *State v. Proffer,* 127 Wash. 270, 220 Pac. 774; *State v. Perrin,* 127 Wash. 193, 220 Pac. 772.

The rule finds support in the statutes. By § 2007 of Rem. Comp. Stat. [P. C. § 9132], it is provided that all persons concerned in the commission of an offense, whether they counsel the act constituting the offense, or whether they aid or abet in its commission, shall be tried and punished as principals.

In this instance the evidence leaves no doubt as to the fact that the place was conducted and maintained for the unlawful sales of intoxicating liquors. It likewise leaves no doubt as to the part the appellant had therein. It was his part to measure out and deliver to the bartender for delivery to the customer such a quantity of intoxicating liquor as the customer desired to purchase. In so doing, he was assisting, aiding and abetting in the offense, and can be punished as a principal.

The state was permitted, over the objection of the appellant, to show that the place in question was generally reputed to be a place where intoxicating liquors could be purchased. This is assigned as error, but we think the evidence was properly admitted under the authority of our case of *State v. Perrin, supra,* and the cases therein cited.

We find no error in the record, and the judgment will stand affirmed.

MAIN, MACKINTOSH, MITCHELL, and HOLCOMB, JJ., concur.