[No. 19469. Department One. December 22, 1925.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES STAMATIS, *Appellant.*[1]

[1] INDICTMENT AND INFORMATION (107)—WAIVER OF DEFECTS—SURPLUSAGE—CURE BY EVIDENCE. An improper allegation against a jointist, alleging a previous conviction of violation of the liquor laws, on which the state offered no evidence and which was ordered stricken, is not ground for reversal, where accused admitted the fact of a previous conviction on the witness stand and the court charged the jury that it was no evidence of guilt and should be disregarded.

[2] INTOXICATING LIQUOR (31, 49)—OFFENSES—JOINTIST — ADMISSIBILITY OF EVIDENCE—SALES BY AGENT. In a prosecution of a jointist, it is competent to show sales made at the place by one employed by accused to conduct the place, though made in his absence and without proof of any partnership relation.

Appeal from a judgment of the superior court for Pacific county, Hewen, J., entered December 4, 1924, upon a trial and conviction of being a jointist. Affirmed.

*Gus L. Thacker,* for appellant.
*John I. O'Phelan* and *A. D. Gillies,* for respondent.

[1]Reported in 241 Pac. 659.

ASKREN, J.—This is an appeal from conviction and sentence on a charge of being a jointist. The information charges as follows:

"That the said James Stamatis, the defendant above named on or about the 13th day of October, 1924, in Pacific county, Washington, then and there being, did then and there wilfully, unlawfully and feloniously open up, conduct and maintain a place for the unlawful sale of intoxicating liquor at 236 First street, Raymond, Pacific county, Washington, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state of Washington, the said James Stamatis having heretofore been convicted of a violation of the prohibition law."

The court overruled a demurrer to the information.

The first error assigned is that the information should not have contained the concluding words of the charging part, as follows: "the said James Stamatis having heretofore been convicted of a violation of the prohibition law."

After the state had offered its evidence in chief and closed its case, and in the absence of the jury, counsel for the state asked permission to reopen the case for the purpose of proving a violation of the liquor law. It was the belief of state's counsel that he was required to allege and prove such conviction, under Rem. Comp. Stat. § 7339, which provides in part:

"Every prosecuting attorney, and every justice of the peace, having knowledge of any previous conviction or convictions of any person accused of violating this act, shall in preparing a complaint, information or indictment, for subsequent offenses, allege such previous conviction or convictions therein, and a certified transcript from the docket of any justice of the peace, or a copy of the record of any court of record, certified by the clerk thereof under seal of the court, shall be sufficient evidence and proof of such previous conviction or convictions."

Appellant's contention is that an allegation of previous conviction can only be a proper part of the information charging a crime in which previous convictions aggravate or increase the penalty of the specific crime on trial. We have, perhaps inferentially, held to the contrary in *State v. Magnusson*, 128 Wash. 541, 223 Pac. 325. But we need not decide this question because of the state of the record. The court refused to reopen the case and allow any evidence of this character, and on motion struck the allegation. Appellant, while on the witness stand, admitted a previous conviction for violation of the liquor law.

[1] The question then is, Does a naked allegation of previous conviction on which the state offers no testimony, prejudice a defendant, and should it be regarded as anything more than mere surplusage?

Assuming that the allegation was improperly contained in the information, certainly the appellant cannot urge that he was prejudiced before the jury by the statement to the effect that he had been previously convicted, when he admits the fact upon the witness stand when asked questions touching his credibility. The court instructed the jury that the information was a mere accusation, no evidence of guilt, and that no juror should permit himself to be in any degree influenced against the defendant because of the information. The court further told the jury that evidence of previous conviction in no way tended to prove guilt in the case on trial, and was a circumstance to be weighed only in connection with appellant's credibility. We think it plain that no prejudice could possibly result. The most that can be said is that the information contained surplusage. *Wright v. Commonwealth*, 109 Va. 847, 65 S. E. 19.

[2] It is next contended that the court improperly admitted evidence of sale of liquor by one Tom Costos.

The evidence was to the effect that appellant owned the premises, that Costos had the license to run the business in question, and that appellant worked behind the bar. Witnesses testified to purchases of liquor from appellant and also from Costos. Appellant's contention seems to be that, unless there is evidence that Costos and appellant were partners, the evidence of sale by Costos would be inadmissible. We have held in a number of cases that a servant or employee of a place is alike guilty with the one who is manager or proprietor. *State v. Proffer,* 127 Wash. 270, 220 Pac. 774; *State v. Anderson,* 132 Wash. 551, 232 Pac. 275; *State v. Maloney,* 135 Wash. 309, 237 Pac. 726. The evidence as to sales by Costos, although made in the absence of appellant, would tend to show the purposes for which the place was conducted and maintained.

Other grounds urged for reversal are based upon instructions given to the jury. We have examined the instructions and find that we have previously approved the same instructions verbatim.

Finding no reversible error in the record, the judgment is affirmed.

TOLMAN, C. J., HOLCOMB, and FULLERTON, JJ., concur.