[No. 19954. Department One. July 27, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v. CARL F. ROHDE, *Appellant*, PEARL ROHDE, *Defendant*.[1]

[1] INTOXICATING LIQUORS (31)—OFFENSES—KEEPING PLACE FOR UN-LAWFUL SALE—DWELLING HOUSE. The offense of maintaining "any place" for the sale of intoxicating liquor, or being a joint-ist, applies to and covers the dwelling house of the accused, when used for such purpose.

[2] SAME (49)—PROSECUTION—EVIDENCE—ADMISSIBILITY. In a prose-cution for maintaining a place for the sale of intoxicating liquor, it is admissible to show the sale of liquor by the daughter of the accused at a time when he was not present.

[3] SAME (31, 50)—UNLAWFUL SALE—EVIDENCE—SUFFICIENCY. A conviction of being a jointist by maintaining accused's dwelling house as a place for the sale of intoxicating liquor is sustained by proof of sales at such place by the accused and by his wife and by his daughter and by proof of the possession of liquor in such quantities as to indicate traffic therein.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered June 11, 1925, upon a trial and conviction of being a jointist. Af-firmed.

[1]Reported in 248 Pac. 76.

*Joseph D. Smith,* for appellant.

*C. T. Roscoe, John C. Richards,* and *Charles R. Denney,* for respondents.

FULLERTON, J.—Carl F. Rohde and Pearl Rohde were jointly charged by an information, filed in the superior court of Snohomish county, with the crime of being jointists. More specifically, it was alleged in the information:

"That the said Carl F. Rohde and Pearl Rohde in the county of Snohomish, state of Washington, for and during a period beginning the 1st day of May, 1924, and ending on the 25th day of April, 1925, did wilfully and unlawfully and feloniously open up, conduct, and maintain in said county and state, a certain place, to-wit: a dwelling house with the appurtenances thereunto appertaining and belonging, for the unlawful sale of intoxicating liquor, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Washington."

To the information, the accused severally entered pleas of not guilty, and a trial ensued before a jury, resulting in a verdict of guilty as to Carl F. Rohde and a verdict of not guilty as to the wife. The appeal is by Carl F. Rohde from the judgment pronounced upon the verdict.

[1] The evidence on the part of the state, following the charge of the information in that respect, showed that the place maintained for the sale of intoxicating liquors was a dwelling house and the surrounding appurtenances, occupied at the time by the appellant, his wife and their minor daughter as a home. Based on this fact, the appellant contends that there can be no conviction, because the statute containing the prohibition against the maintenance of places for the unlawful sale of intoxicating liquors is without application to

the situation presented. A somewhat extended argument is made upon the question, the basic thought of which seems to be that, if the act is to be held applicable to such a situation, it is violative of those fundamental rights guaranteed by the Federal and state constitutions, which protect the home from unlawful searches and seizures and from unlawful invasion. It is also argued:

"It was further realized by the legislature and by the people in charge of the enforcement of this law that in many places in this state there were long leases on buildings and large sums of money invested in saloon buildings and fixtures and there would be a number of people theretofore engaged in the liquor business who would attempt to recoup the loss of their investment, and endeavor to continue in the business; so to discourage such practice or attempt there was another offense defined and that was jointist, and I challenge anyone at this time to bring to me or to show that at any time in the framing of this law or in the passage of the act defining the different offenses, where it was ever suggested or inferred or intended that the crime of jointist would reach out and include or cover the private dwelling house or domicile of the individual."

But we are not persuaded that these contentions are sound. Indeed, they hardly seem to us to admit of serious argument. The home is protected in law only when it is used as such peaceably and lawfully. It has never been allowed to be used as a shield to cover crime, and the guaranties of the constitution were not intended to make it so. The prohibition is against unlawful searches and seizures and unlawful invasions, not searches and seizures and invasions made under the sanction of law. Nor can it be that the legislature intended to exempt the home, when it prohibited the maintenance of a place for the sale of intoxicating

liquor. Aside from the fact that to so construe the law would amount to its nullification, the act itself permits no such construction. The language of the statute is "any place," with no exceptions or qualifications, and this must, by its very terms, include a dwelling house and its surroundings, whether used as a home or not.

[2] The court permitted a witness to testify that he had purchased intoxicating liquor at the home of the accused from the daughter at a time when neither of the accused was present, and permitted the liquor so purchased to be exhibited to the jury. It is argued that this was error for the reason that the accused cannot be held responsible criminally for the acts of a person not committed in their presence. But the rule invoked is not applicable to the situation. It was shown that the place was maintained by the accused, and the sale was a link in the chain of evidence showing that the sale of intoxicating liquor was one of the purposes of its maintenance. As an isolated instance, it would perhaps not have been sufficient to sustain a conviction, but, when the relation of the seller with the principals is considered, it was a circumstance which the jury had a right to consider. It was not objectionable because of the absence of the principals. A person may be guilty of the maintenance of a place for the sale of intoxicating liquor, though he never go about the place at all.

[3] The further contention is that the evidence as a whole is insufficient to sustain the conviction. But we think the evidence ample in this respect. There was testimony showing sales by the appellant, by his wife, and, as we have before mentioned, a sale by the daughter. These ranged in quantities from single drinks to quart bottles. There was evidence also of a search of the premises under a search warrant, which disclosed not only intoxicating liquor but pint flasks in such

quantity and in such condition as to indicate a lively traffic in intoxicants.

The judgment is affirmed.

Tolman, C. J., Holcomb, Askren, and Bridges, JJ., concur.