[No. 21109. Department Two. September 5, 1928.]

THE STATE OF WASHINGTON, *Respondent,* v. THERESA DONATI *et al., Appellants.*[1]

[1]Reported in 270 Pac. 100.

54

*Davis, Heil & Davis* and *Ralph R. Weeks,* for appellants.

*Chas. W. Greenough* and *Carl P. Lang,* for respondent.

ASKREN, J.—Appellants were convicted of the crime of being jointists, and thereupon perfected this appeal.

Three errors are assigned: (1) sufficiency of the evidence; (2) introduction of evidence; and (3) refusal of the court to grant a new trial.

The facts relied upon by the state for conviction, and the sufficiency of which is challenged by appellants, may be briefly stated as follows: One Odion, employed by the city of Spokane for the purpose of obtaining evidence of violation of the liquor law, on April 29, 1927, visited the Cornell Hotel, in that city, operated by appellant Donati. He asked Donati if there was any chance to get any liquor there, and she offered to serve him either wine, moonshine or beer. At his request, moonshine was served, Donati, Odion, and a young lady who was present each taking a drink, and Odion paid Donati the price asked, which was fifty cents a drink. He returned the following day and informed Donati that he desired to buy a half pint of the same liquor he had purchased before. Donati replied that she had it; and while she went for it, he went into room 14, where two soldiers, the appellant Depoli, and a girl were. The occupants of the room were drinking wine, and they gave Odion a drink. A little later, Donati came into the room, handed the half pint of liquor to Depoli; Odion then walked down the hall, was handed the liquor, and charged by Depoli

$1.25 for it. Odion then said he would be back later for a pint.

He returned later in the day, saw Donati, and she took him to room 14 again, where there were a soldier and a girl drinking wine. He told Donati he was in a hurry. Within a few minutes, she returned, handed the liquor to Depoli, and Odion went to the hall where Depoli gave him the liquor and attempted to charge $5.00 for it. Odion demurred to the price, saying he did not have that much money, and told Depoli to ask Donati if $2.50 would be sufficient. Depoli called Donati, and inquired and received her approval. Odion then paid $2.50 in marked money, took the liquor and went down stairs to the front of the hotel building, and gave the liquor to officers who were stationed near by.

The officers seached the hotel and found the following: The marked money in a kimona belonging to Donati; two large and one small glass in the kitchen, one smelling of wine and another of moonshine; in room 11, a bottle of liquor was found in the pocket of an old coat, and a jug about half full of wine sitting on the floor, and an empty gallon jug which had contained wine; on the roof of the adjoining building, just opposite the window of room 32, and within arm's reach thereof, a gallon jug partly full of moonshine.

Inasmuch as the appellants' claim of the insufficiency of the evidence is partly based upon their construction of what competent evidence there was to prove the crime charged, and the second assignment of error has to do with the introduction of certain evidence to substantiate the state's claim, we shall discuss the second assignment first.

Appellants claim that it was error for the court to permit the introduction of evidence concerning the liquor found in room 11, and that just outside the

window of room 32. In this connection, it was urged that both of these rooms were occupied by guests of the hotel. If this had been established, there can be no question but what the failure of the state to establish the guilty knowledge or participation therein by the appellants would be reversible error. There was ample evidence given by the officers who searched the rooms tending to show that the rooms were unoccupied. The condition of the rooms and the contents thereof indicated that they were not occupied, and had not been for some time. There was an attempt on the part of appellants to show that at least one of the rooms was supposed to be occupied by a guest who had not been at the hotel for some time. But the evidence was so clearly in conflict as to require its submission to the jury.

There being no error in submitting the evidence taken from room 11, and from the outside of room 32, to the jury, the exhibits in connection therewith were properly before the jury for their consideration. It will be seen immediately, of course, that this augments, at least to some degree, the evidence offered from which the jury had a right to find that the appellants were guilty of the crime of being jointists. As to the appellant Donati, we have heretofore observed that the evidence disclosed that she sold, and participated in the selling, of liquor on the three occasions on which Odion was at the hotel. This evidence, coupled with the glasses, jugs of moonshine and wine, and the bottle in room 11, and the presence of people in room 14 on two occasions where drinking was going on, was clearly sufficient to justify the jury in finding that she was operating the place for the unlawful sale of liquor.

As to the defendant Depoli, it is urged that the evidence does not show the slightest control by him

over the management of the hotel; that, since the place was conducted and operated by Donati, he could not be guilty of any more than the unlawful sale of liquor, under the authority of *State v. Bussi,* 121 Wash. 314, 209 Pac. 523. The effect of the decision in that case has been very much mitigated, however, by our later decisions in *State v. Pistona,* 127 Wash. 171, 219 Pac. 859, and *State v. Anderson,* 132 Wash. 551, 232 Pac. 275.

In *State v. Pistona, supra,* we called attention to the fact that the statute was exceptionally broad in its terms and that one acting in the capacity of a servant or bar tender does "conduct and maintain" a place for the unlawful sale of liquor. In the last cited case, *State v. Anderson, supra,* we expressly held that the language used in *State v. Bussi, supra,* was stated too broadly. The gist of the opinion was that one who performs labor around or at the place that is being conducted for the unlawful sale of liquor does not necessarily assist in conducting and maintaining it, but that any servant or employee who actually engages in the sale of liquor at such a place does assist in conducting and maintaining the place.

Measured by the rule announced in either *State v. Pistona* or *State v. Anderson,* there is no question but what there was sufficient evidence to justify the jury in finding Depoli guilty upon the charge, for it is clear that he assisted in making the sales; that they were made in his presence; that he collected the money for some of them, and that he was present twice in room 14 while drinking was going on.

The last assignment of error is that the court erred in not granting a new trial to the defendants upon the ground of accident and surprise and newly discovered evidence.

The accident and surprise alleged by appellants was

58

that, since they were charged with conducting and maintaining a place for the unlawful sale of intoxicating liquor on the 30th day of April, 1927, they had no reason to believe that any evidence would be offered as to sales prior to that date, and especially as to sales on the 29th day of April, the day on which Odion testified that he purchased three drinks of liquor from Donati. We have heretofore held that the conducting of such a place is a continuing offense, and that the evidence of sales made prior to the time alleged in the information is admissible for the purpose of showing that the place was so conducted. *State v. Harkness,* 136 Wash. 691, 241 Pac. 297. Indeed, it seems that such evidence would have far greater weight in establishing the fact that such a place was conducted and maintained for the unlawful purpose than evidence all confined to the one date. Circumstances very often make it difficult to establish the purpose for which a place is conducted, if the scope of the inquiry ·is limited to a single date, although evidence confined to a single date has been held sufficient. *State v. Proffer,* 127 Wash. 270, 220 Pac. 774; *State v. Dukich,* 131 Wash. 50, 228 Pac. 1019.

It is also said, however, that appellants were taken by surprise at the testimony so offered, and that they were therefore unable to produce evidence as to where the appellant Donati was on the afternoon of April 29. A showing was made to the court that, if a new trial was granted, evidence could be offered to establish that Donati was not in the city of Spokane at the time in question, but was on a trip to Lewiston, Idaho.

But if we assume that there was any surprise upon the part of the appellants, the proper· mode of procedure would have been to have asked the court for a continuance upon the ground of such surprise, that an

opportunity might be afforded to produce evidence establishing such an alibi. Counsel representing appellants in this court took no part in the trial below. It appears from the memorandum opinion of the trial judge, in passing upon the question, that the trial lasted for two days, and that, at the beginning of the first day of the trial, appellants had notice that the state would offer evidence of the sale made on the 29th of April. It therefore would appear that there was no surprise; or that, if there was such, no request was made to the court for a continuance. It appears that the appellants were willing to continue with the trial and proceed to its close without this evidence as to the alibi, taking their chances on a favorable result.

There was also an additional showing of facts which would tend to impeach the testimony of Odion. This consisted of statements by him after the trial. The trial court has wide discretion upon the motion for a new trial. It did not see fit to grant it upon the showing made, and we are unable to say that it abused the discretion vested in it.

The judgment is affirmed.

FULLERTON, C. J., MAIN, BEALS, and HOLCOMB, JJ., concur.