[No. 21315.   Department Two.   November 5, 1928.]

THE STATE OF WASHINGTON, *Respondent,* v. ALBERT BURKE *et al., Appellants.*[1]

*E. H. Kohlhase,* for appellants.

*Joseph A. Mallery, Cecil C. Hallin* and *J. E. Stone,* for respondent.

[1]Reported in 271 Pac. 333.

ASKREN, J.,—Appellants, having been convicted of the crime of being jointists, present four grounds of error on appeal.

■ It is first contended that, since the place where the liquor was sold was the home of the defendants, it was not a place maintained for the purpose of sale of intoxicating liquor. Our decisions in *State v. Rohde*, 140 Wash. 47, 248 Pac. 76, answer this contention. We there held that the statute was directed against the keeping of "any place" for the sale of liquors, and that the home of a defendant was included within the purview of the statute.

■ Next, it is urged that there was not evidence of a sufficient number of sales to establish the character of the place, and the purpose for which it was maintained. The evidence showed two sales, some time apart. The first time, some young people purchased wine. The second time, one of the same persons met the appellants in the town of Woodland and there arranged to purchase some more, paying for it in bottles. Later the bottles were delivered to the appellants, at their home, and the liquor delivered there. The question of whether the home was maintained as a place for the sale of liquor was for the jury, and convictions have been upheld where the evidence showed sales on a single date. *State v. Proffer*, 127 Wash. 270, 220 Pac. 774; *State v. Dukich*, 131 Wash. 50, 228 Pac. 1019. See, also, *State v. Donati*, *ante* p. 53, 270 Pac. 100.

■ The third error assigned is that there was insufficient evidence to show the liquor was intoxicating. Witnesses testified that they knew intoxicating liquor, from the use of it, and that the wine was intoxicating. One of the witnesses said the effect of it was to make him "weak about the knees and the eyes," and that, after drinking it on one occasion, he became so intoxi-

cated he drove his automobile off a bridge. This was sufficient.

Lastly, it is argued as error that the court admitted the evidence just referred to, wherein the witness told of driving the automobile off the bridge. No further details of the accident were given, and it was expressly admitted for the purpose of showing the effect of the liquor and determining its intoxicating properties. Its admission was proper.

Judgment affirmed.

FULLERTON, C. J., FRENCH, PARKER, and MAIN, JJ., concur.