[No. 21545. Department Two. March 18, 1929.]

THE STATE OF WASHINGTON, *Respondent,* v. MARY JOHNSTON, *Appellant.*[1]

*Schwellenbach, Merrick & Macfarlane* and *Herbert L. Onstad,* for appellant.

*Ewing D. Colvin* and *R. L. Bartling,* for respondent.

[1]Reported in 275 Pac. 569.

FRENCH, J.—The appellant was convicted on a joint-
ist charge. The facts, as we are able to glean them
from the record, are about as follows: Appellant op-
erated and maintained the Bon Air Apartments, lo-
cated at 1808, Eighth avenue, in the city of Seattle.
This apartment house consists of twenty-four apart-
ments on four floors, the majority of which were fur-
nished and occupied. It was the theory of the state
that the various apartments on the second floor, where
it is charged the joint was being maintained and oper-
ated, were all used promiscuously by the appellant for
the purpose of selling and serving intoxicating liquor.
There was no testimony of any kind introduced rela-
tive to there being any liquor in any part of the apart-
ment house, other than on the second floor. At the
time of appellant's arrest, deputy sheriffs, armed with
search warrants for all the various apartments on the
second floor, searched the premises, and found liquor
in certain of the apartments and evidences of liquor
in others. In one of the apartments, they found a
man and woman whom they had observed entering the
apartment house, and from which apartment they had
seen the appellant depart just before the entrance of
the officers. They found, on a table in that apartment,
a pitcher containing moonshine whiskey. There is
contained, in the record, evidence from other witnesses
that, at other times and on various occasions, liquor
had been purchased on the second floor of the Bon Air
Apartments, and all of these purchases had been made
from the appellant, and were delivered from time to
time in various apartments, or consumed by the pur-
chasers immediately upon the premises, sometimes be-
ing served or delivered in one apartment, and some-
times in another.

There are but two assignments of error; the
first covering the admission in evidence of the moon-

shine whiskey found in the pitcher. It seems that the man found in the apartment house was, at the time of the raid, arrested for possession of intoxicating liquor, and pleaded guilty. But there is evidence in the record indicating that, theretofore, sales had been made in this particular apartment. The man, who was arrested and in whose immediate possession the moonshine whiskey was found, had been seen to enter the apartment house within ten or fifteen minutes of the time the officers made the raid. Appellant had been seen to leave this particular apartment immediately prior to the time when the moonshine whiskey was found. There was no claim that this apartment had been rented to the man found there. The circumstances were such as to not only show that appellant had full knowledge of the fact that liquor was being used, but, taken in connection with other testimony that a like quality of liquor had, within a few days, been sold by appellant in this same apartment, indicated that the premises were, with appellant's consent, being unlawfully used for the purpose charged in the information. This was clearly sufficient to admit the same in evidence.

Some of our observations in the case of *State v. Donati*, 149 Wash. 53, 270 Pac. 100, are applicable to the situation which we here find.

The second assignment of error which appellant raises is the failure of the court to instruct that, as a matter of law, each apartment in an apartment house is as much a different entity as are different houses along the same street, and that no presumption arises that the manager of an apartment house has the custody and control of the apartments that are in the building; also the failure to instruct that a tenant in possession of a particular apartment is presumed to

have control of that apartment until the contrary is shown.

We do not think that appellant's requested instructions correctly state the law. We think that the manager of an apartment house is conclusively presumed to have the custody and control over all the apartments in the building until such time as it appears that those apartments are rented to separate individuals. In this particular case, the court, by its instructions, fully advised the jury as to the law. The court charged that, in order to convict the defendant, the state must prove beyond a reasonable doubt,

"First, that the premises known as the second floor of the Bon Air Apartments at 1808 Eighth avenue in the city of Seattle, King county, Washington, were, at or about the time charged in the information, a place conducted and maintained for the unlawful sale of intoxicating liquor." And later in the instructions, the court charged the jury that it was necessary to prove beyond a reasonable doubt that the premises known as the second floor of the Bon Air Apartments were being conducted and maintained for the unlawful sale of intoxicating liquor, and

". . . if you do not find that the place was maintained for the sale of intoxicating liquor, then you can not find the defendant guilty, even though you should find that she sold liquor."

Under these instructions, it was necessary for the state to prove beyond a reasonable doubt the theory of the state's case, that is, that these various apartments on the second floor were being promiscuously used, from time to time, by the appellant, for the purpose of peddling liquor. It would undoubtedly be a good defense, if appellant could show, as a matter of fact, that these various apartments on the second floor had been, in good faith, rented to various persons who were actually occupying them and exercising dominion over them. But no such state of facts is shown by this

record. There is abundant testimony, on the part of the state, indicating that each and every one of the apartments on the second floor was used by the appellant for the purpose of selling intoxicating liquor therein.

We can find no error in the record.

Judgment affirmed.

MITCHELL, C. J., MILLARD, MAIN, and PARKER, JJ., concur.