### J. C. LOCKHART v. THE STATE.

No. 421.    Decided March 9, 1910.

1.—Disorderly House—Intoxicating Liquors—General Reputation—Conclusion of Witness.

While it is permissible, in prosecutions for keeping disorderly house for the sale of intoxicating liquors without a license, to show the general reputation of the house with reference to it being a place where intoxicating liquors are sold, etc., it is not permissible to admit testimony not only of such general reputation but that the reputation extended so far as to show that such sale was without license; as the proof of no license can be made by direct proof.

2.—Same—Evidence—Internal Revenue License—Tenant.

Upon trial for keeping a disorderly house for the sale of intoxicating liq-

uors, etc., the court erred in not permitting the defendant to introduce in evidence internal revenue license issued to the tenant of defendant, although the date of said license was not exactly shown; it being shown that said tenant was in possession of said place as defendant's tenant of such business.

### 3.—Same—Other Transactions—Contemporaneous Sales.

Upon trial for keeping a disorderly house for the sale of intoxicating liquors, where the testimony as to the sale of intoxicating liquors by defendant was reasonably contemporaneous with the sales alleged in the indictment, there was no error, as this showed the relation of the defendant to the business in question.

### 4.—Same—Insufficiency of the Testimony.

See opinion for evidence, in a prosecution for keeping a disorderly house for the sale of intoxicating liquors, which is held to be hardly sufficient to sustain a conviction.

Appeal from the County Court of Grayson. Tried below before the Hon. J. W. Hassell.

Appeal from a conviction of keeping a disorderly house for the sale of intoxicating liquors; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*J. Q. Adamson* and *Galloway & Vowell,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged by indictment filed in the County Court of Grayson County, on December 11, 1908, in several counts and on several dates therein named, with unlawfully keeping and being concerned in keeping and that he did aid, assist and abet in keeping a disorderly house in a certain house, building, edifice and tenement then and there situate in that he did keep and was concerned in keeping a house in which spirituous, vinous and malt liquors were sold and kept for sale without first having obtained a license therefor.

The testimony in the case is far from satisfactory, and while it is not necessary to in terms decide whether we would in any event permit the verdict to stand on all the counts or indeed any of them, we think an inspection of the entire record will show that there were several errors committed by the court for which the judgment ought to be reversed.

1. During the trial L. J. Reynolds was introduced by the State, and there was propounded to him the following question: "Do you know the general reputation of that place from the first day of July, 1908, up to and including the 15th day of October, 1908, or any part of that time in this community, as to whether or not it was a place where intoxicating liquor, that is, spirituous, vinous or malt liquors were sold or kept for sale without there first having been obtained a license to retail said liquors under the laws of the State of Texas?"

This question and the answer sought to be elicited thereby were objected to for many reasons, and among others, because the answer would be a conclusion of the witness and was proving by reputation a matter susceptible of direct proof, and because there is no statute forbidding the sale of nonintoxicating liquors in this State without license, and for other reasons not necessary to set out. These objections were by the court overruled, and the witness was permitted to answer and did answer that the general reputation was that it was a house where spirituous, vinous or malt liquors or intoxicating liquors were kept for sale. It will be noted that the question goes farther than the answer of the witness. The witness had answered the question as to the reputation of the house in respect to being a place where intoxicating liquors were sold without a license first having been obtained, and having qualified in respect to this knowledge, the general statement is then made that the house had the general reputation of being a place where intoxicating liquors were kept for sale. We think, in view of the question and considering the answer in respect and relation thereto, that the testimony went beyond any proper length to which such general reputation ought to be permitted. We have quite uniformly held that it is permissible in prosecutions of this kind to show the general reputation of the house with reference to it being a place where intoxicating liquors are sold, but to permit a witness to state that such a house had the general reputation of being a place where intoxicating liquors were sold *without there first having been obtained a license so to do,* would be carrying the rule far beyond anything which we have ever held, and further than in justice or reason we should go. As to whether a license has been issued or not is a matter susceptible of direct proof, and, indeed, in respect to which, there ought to be, by proper preparation, an absolute demonstration. As presented, we are not sure that we ought to reverse the case on this ground alone, but we have set this matter out at length so that if the case should be tried again, proof of reputation may be limited within proper bounds.

2. During the trial appellant offered in evidence a paper purporting to be an internal revenue license duly issued by the Internal Revenue Collector to J. C. McNeely, which said internal revenue license was shown to have been in that place of business on the day of the trial. To this the State objected on the ground that it was immaterial, irrelevant and hearsay, and because it was not shown to have been in the place of business before the day of the trial, the 21st day of January, 1909, and that the last date charged in the indictment was on the 15th day of October, 1908. The bill evidencing the action of the court in this matter is very general. It does not give the date of the license in question or what period it covers. In view, however, of the fact that the evidence shows that McNeely, or for that matter appellant, had no connection with the house at all until some time in June or July, 1908, and that about this time McNeely did

in fact rent the house in question, and had entered into a written lease in respect to same, and in view of the fact that he was frequently seen about the place, and particularly in view of the fact that appellant is not shown by the record to have made more than one or probably two sales, and this at a time later than any act for which he is found guilty, we think that even as vaguely presented as it is, that the revenue license tendered was admissible in evidence, and that the objection of the State went rather to the weight of the testimony than to its admissibility. Considering all the testimony of McNeely's relation to the house as tenant, it was a circumstance in harmony with appellant's contention that McNeely was the tenant of the place in question, and would account for the conduct of the business there done and the fact that such place was in operation.

3. On the trial one G. E. Morrow testified to a transaction between himself and appellant on the 4th day of November, 1908, in which appellant sold him a drink of whisky. This testimony was objected to because it was long after the last date mentioned in the indictment, for which a conviction was sought, and was, therefore, immaterial, irrelevant and hearsay, because long after the last date named in the indictment. We do not think that the mere fact that the transaction occurred after the time mentioned would render it inadmissible. The transactions objected to were reasonably contemporaneous with the acts charged. It is clear, of course, that no conviction could under the indictment be had for this transaction, and on application appellant would be entitled to an instruction to this effect, but in connection with other evidence in the case it was admissible to show the relation of appellant to the business in question, and the court did not err in admitting it, at least for that purpose.

4. As we have said, the evidence in the case is far from satisfactory. No one testifies to any sale by appellant except the witness Morrow. He testifies to two sales, one in October, about the 21st day, and one in November, but they occurred at times later than any of the dates on which the conviction rested. That whisky and beer were being sold at the place is undoubtedly shown, but appellant's relation and connection with the business, if shown at all, is only in the most shadowy way. We think in a case of this kind that the proof ought to go further than the evidence does in this case. We recognize the difficulties, considering the character of business, in making out the case. They are inherent and almost ever present. As we say, it becomes unnecessary to decide whether the case should be reversed on account of the lack of sufficient testimony to support it; but we suggest the importance, if indeed the facts justify it, of the State strengthening its testimony on another trial.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*