[No. 14537.  Department One.  January 17, 1918.]

HUTCHINSON INVESTMENT COMPANY, *Respondent,* v.
R. E. VAN NOSTERN *et al., Appellants,* WILLIAM
HODGE *et al., Defendants.*[1]

APPEAL—REVIEW—HARMLESS ERROR—PLEADINGS.  Error in refusing to strike from the pleadings is harmless where the court clearly instructed the jury as to the exact issue in such manner that it could not be misled.

LANDLORD AND TENANT—LEASE—BREACH—NUISANCE—EVIDENCE—ADMISSIBILITY.  Upon an issue as to whether there had been a breach of the clause in a lease that the lessees' business should be so conducted as not to create a nuisance or arouse criticism among other tenants, evidence as to the reputation of the lessees' business is admissible.

SAME.  In such a case, it is not admissible to show that the unlawful sale of intoxicating liquors by employees conducting the business had been without the knowledge and contrary to the orders of the lessees.

SAME—LEASE—BREACH OF CONDITION — WAIVER — ACCEPTANCE OF RENT.  Where an answer in unlawful detainer alleged acceptance of rent since notice to quit, a reply that the rent was accepted under an agreement that it did not waive the right of action, raises an issue for the jury upon conflicting evidence.

Appeal from a judgment of the superior court for King county, Tallman, J., entered April 14, 1917, upon the verdict of a jury rendered in favor of the plaintiff, in an action of unlawful detainer.  Affirmed.

*Beeler & Sullivan* and *Million & Houser,* for appellants.

*Arthur H. Hutchinson,* for respondent.

MAIN, J.—This is an unlawful detainer action.  The cause was tried to the court and a jury, and resulted in a judgment against the defendants R. H. Van Nostern and C. V. Gray, from which they appeal.

The facts are these: On the 20th day of February, 1916, the respondent leased to William Hodge and R. H. Van

[1] Reported in 170 Pac. 121.

Nostern certain property, being a basement at the corner of Second avenue and Union street, in the city of Seattle. The lease contained the following provision:

"Nor shall the lessees conduct their business in such a manner as to create a nuisance to and arouse criticism among the other tenants; in such case this lease shall be cancelled and the lessees may be ousted from the premises on a three day notice just as for non-payment of rent."

On the 27th day of April, 1916, the respondent, believing that this provision of the lease had been breached, served a notice upon Hodge and Van Nostern to vacate the premises. Sometime after this notice was served, Hodge sold his interest in the lease to Van Nostern, and C. V. Gray advanced the money for the purchase thereof, and to secure the payment of the advancement, took an assignment of a one-half interest in the lease. Thereafter, and on the 31st day of May, a notice to vacate was served upon Gray and Van Nostern. Subsequent to the service of these notices, the appellants continued to pay the rent stipulated in the lease. The respondent claims that this rent was accepted under an agreement that it would not operate to waive its right to proceed with the action for the possession of the premises. This claim is disputed by the appellants, and was one of the issues submitted to the jury. Sometime after the action had been begun, an amended and supplemental complaint was filed, from which the appellants made a motion to strike certain portions, which motion was overruled. As above stated, the trial resulted in a verdict and judgment sustaining the respondent's right to recover possession of the premises.

The first question is whether the trial court erred in refusing to grant the motion to strike from the amended and supplemental complaint. Whether the motion, in any particular, should have been granted, it is not necessary here to determine. Even though there may have been some allegations in the complaint which should properly have been stricken, the appellants have not been prejudiced by the fact

that their motion to strike was denied.   The trial court, in presenting the case to the jury, stated clearly the exact issue to be determined, and in such language that the jury could not have been misled by anything that appeared in the pleading.

Upon the trial, the respondent called witnesses who testified as to the reputation of the Thalia Cafe, this being a soft-drink establishment which was conducted by the appellants upon the premises leased.   It is claimed that this was error. Under the excerpt from the lease above quoted, the respondent reserved the right to terminate the lease if the lessees should conduct the business in such a manner as to create a nuisance and arouse criticism among the other tenants.   The upper floors of the building, the basement of which was leased to the appellants, were leased to other tenants.   One of the issues upon the trial was the character of the place of business conducted by the appellants.   Character being an issue, evidence with reference thereto was admissible.   10 R. C. L., §§ 118 and 124, under title of Evidence.

Some testimony was introduced showing that intoxicating liquors had been sold on the premises.   The appellants claimed that such sales were without their knowledge and consent, and sought to offer evidence to the effect that their employees had been notified not to dispense intoxicating liquors.   The objection to this evidence was sustained.   The liquor, if sold, was connected with, and in the course of, the transactions for which the employees were engaged.   In *State v. Constatine*, 43 Wash. 102, 86 Pac. 384, 117 Am. St. 1043, the defendant, a saloon keeper, was held guilty of selling liquor to a minor, where the sale was made by his barkeeper, although the defendant was not present at the time of the sale and had no knowledge thereof.   We think the court did not err in the ruling complained of.

It is further contended that any breach of the lease had been waived by the fact that the respondent, subsequent to

the serving of the notices to vacate, had accepted the rent, and that, for this reason, the court erred in failing to take the case from the jury and enter a judgment in favor of the appellants. In the answer, the payment of the rent was alleged. In the reply thereto, the agreement above referred to, to the effect that the acceptance of the rent should not waive or impair the right to proceed for the possession of the premises under the notices to vacate, was alleged. This presented an issue which was properly by the court submitted to the jury.

Some question is raised as to the instructions, but we find no error in this regard. The issues which the jury were to determine were specifically and pointedly stated. The instructions were as favorable to the cause of the appellants as the law would justify.

The judgment will be affirmed.

ELLIS, C. J., PARKER, WEBSTER, and FULLERTON, JJ., concur.