[No. 17051.  Department Two.  August 15, 1922.]

THE STATE OF WASHINGTON, *Respondent,* v. ALBERT
MALANCA, *Appellant.*[1]

INTOXICATING LIQUORS (42)—OFFENSES—"JOINTISTS" — INFORMA-
TION—SUFFICIENCY.  An information against a "jointist" under the
statute (Rem. Comp. Stat., § 7328) defining the offense of conduct-
ing a place for unlawful sale of liquor "either as principal or agent"
is sufficient without alleging the capacity in which accused ran the
place.

SAME (50)—OFFENSES—"JOINTIST"—EVIDENCE—SUFFICIENCY.  A
conviction of being a jointist, is sustained by accused's admission
that he was employed as a bartender in a soft drink establishment,
and sold whiskey over the bar, for his own profit, although contrary
to his instructions.

Appeal from a judgment of the superior court for
Pierce county, Chapman, J., entered October 15, 1921,
upon a trial and conviction of being a jointist.  Af-
firmed.

*A. B. Bell,* for appellant.

*J. W. Selden, J. A. Sorley,* and *T. F. Ray,* for re-
spondent.

PER CURIAM.—Appellant was convicted of being a
jointist under an information the charging part of
which is as follows:

"That the said John Doe (Albert Malanca), in the
County of Pierce, in the State of Washington, on or
about the 22nd day of July, 1921, then and there being,
unlawfully and feloniously did conduct and maintain a
place for the unlawful sale of intoxicating liquor, to
wit: 1108 South 11th Street in the City of Tacoma, said
County and State."

In this court, appellant attacks the sufficiency of the
information, and also certain instructions which the

[1]Reported in 208 Pac. 258.

court gave, and complains of the failure to give certain other instructions relating to the subject of agency. His first contention is predicated upon the failure of the information to state whether the defendant acted as principal or agent. The statute defining the crime makes it applicable to any person who opens up, conducts or maintains either as principal or agent any place for the unlawful sale of intoxicating liquors. In *State v. Rousseau,* 111 Wash. 533, 191 Pac. 634, and *State v. Burgess,* 111 Wash. 537, 191 Pac. 635, we held, in effect, that these words are merely to take away any defense based upon the theory that one is not liable as principal, and that, though the one who commits the offense may be in fact the agent of another, yet in the commission of a crime he is a principal and it is not necessary to refer to his capacity in the information.

The evidence showed that the appellant was a bartender in a soft drink establishment, in the city of Tacoma, and that, while he was in sole and exclusive charge of the place, he sold to customers moonshine whiskey which he served while standing behind the bar in glasses set upon the bar. The appellant frankly admitted that he had instructions not to deal in intoxicating liquor, but that, for his own profit, he made a practice of selling intoxicating liquor in the place where he worked; that he had been engaged in the practice for several days and had intended to continue in it.

The instructions given and asked for relative to agency were immaterial, as the appellant was clearly guilty as principal upon his own statement.

The judgment is affirmed.