[No. 17860.   Department One.   November 16, 1923.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM
PERRIN *et al., Appellants.*[1]

INTOXICATING LIQUORS (37, 50)—OFFENSES—JOINTIST—EVIDENCE—
SUFFICIENCY.  The evidence sustains a conviction of being a jointist
where it appears that the accused was the owner and proprietor of
an eating house and dance hall where intoxicating liquors were
served to patrons in his presence and by his orders.

SAME (37)—OFFENSES—JOINTISTS—"MAINTAINING" PLACE—SERV-
ANTS.  A waiter employed in an eating house, who served to the
patrons intoxicating liquors that had been sold in the place, is guilty
as a jointist, in that he assisted in conducting and maintaining it
as a place where liquors were sold.

SAME (42)—OFFENSES—INFORMATION—SUFFICIENCY.  In a prose-
cution for being a jointist, one may be found guilty as an agent,
under an information charging the offense generally.

SAME (51)—INSTRUCTIONS—JOINTIST.  In a prosecution for being
a jointist by assisting in maintaining the place, the jury could not
have been misled by the failure of an instruction to embody the
idea that co-operation must have been with knowledge of the un-
lawful practices, where another instruction clearly pointed out that
there must have been co-operation in maintaining the place for
unlawful sales.

CRIMINAL LAW (452)—TRIAL—INSTRUCTIONS ALREADY GIVEN.  Er-
ror cannot be assigned on the refusal of a request for instructions
which are covered by instructions already given.

INTOXICATING LIQUORS (49)—PROSECUTIONS—JOINTIST—ADMISSI-
BILITY OF EVIDENCE—REPUTATION OF PLACE.  Upon an issue in a prose-
cution for being a jointist as to the knowledge of the proprietor and
his waiters that sales of intoxicating liquors were being made, it
is competent to show the bad reputation of the place as a place
where people resorted to for the purpose of obtaining and drinking
intoxicating liquor.

Appeal from a judgment of the superior court for
King county, Ronald, J., entered June 13, 1922, upon
a trial and conviction of being a jointist.  Affirmed.

[1]Reported in 220 Pac. 772.

*John F. Dore,* for appellants.

*Malcolm Douglas, Bert C. Ross,* and *Chester A. Batchelor,* for respondent.

BRIDGES, J.—The information charged that the appellants, together with one White, did on a certain day, in King county, Washington,

". . . wilfully, unlawfully and feloniously open up, conduct and maintain a place for the unlawful sale of intoxicating liquor, to wit: the place known as the North End Inn situated near the north city limits of the city of Seattle. . . ."

The appellants were found guilty, and have appealed from a sentence imposed by the court.

They each contend that the evidence is insufficient to sustain the verdict. There was testimony from which the jury might have concluded that the appellant Perrin was the owner and proprietor of the place charged in the information, which was, generally speaking, an eating house and dance hall, and that the appellant Stack and one White were waiters at the dining tables; that many people were in the habit of resorting to this place, particularly at night; that White actually served such intoxicating liquors as the testimony showed had actually been sold; that Stack was present in the dining-room and knew that intoxicating liquors were being sold and consumed there; that, on one occasion, a patron had called for whiskey but that White refused to give it to him, and the patron then complained to Stack about it and was told by him that he would be served, and that later Stack told White, the waiter, to serve the customer with liquor, which was done; that, when the place was raided, the police officers found Stack in the backyard or near the house breaking two bottles of intoxicating liquor and thus destroying the contents; that Perrin was in the dining-

room on many. occasions when intoxicating liquor was being sold and drunk, and was in a position to know that such was being done; that there was considerable drunkenness in the place, and that the appellant Perrin was present and knew thereof.

We have no doubt that there was sufficient testimony to submit the question to the jury as to the guilt of the appellants. It is contended, however, that because appellant Stack was only a waiter and had no financial interest ·in or proprietorship of the place in question, he cannot be found guilty of being a jointist. This exact question has been disposed of against appellants' contention by the recent decision of this court in *State v. Pistona, ante* p. 171, 219 Pac. 859.

It is contended that instruction No. 2, given by the court to the jury, was erroneous. It reads as follows:

"In order to convict any of the defendants of the offense charged, the state must prove the following beyond a reasonable doubt. First, that the North End Inn stated in the information was, at the time, or about the time, charged a place conducted or maintained for the unlawful sale of intoxicating liquor, and, second, that the defendants, either as principals or agents, conducted and maintained the said place for the purpōse of the sale of such intoxicating liquor."

It is complained that, since the information charges the appellants only as principals, it was error to tell the jury they might be found guilty as agents. This question is no longer an open one in this state. It is decided contrary to appellants' contention in *State v. Rousseau,* 111 Wash. 533, 191 Pac. 634; *State v. Burgess,* 111 Wash. 537, 191 Pac. 635; *State v. Malanca,* 121 Wash. 128, 208 Pac. 258.

Complaint is also made of instruction No. 3, wherein the court told the jury,

"If you should find beyond a reasonable doubt that the North End Inn was at the time a place conducted

or maintained for the unlawful sale of intoxicating liquors, then all persons engaging, participating or co-operating in the process of conducting or administering the establishment are in law conducting or maintaining the same, regardless of what may be the particular relations they sustain to each other either as employers or employees.''

The chief objection pointed out is that the instruction fails to inform the jury that the cooperation must be with knowledge of the unlawful practices. It would have been better if the instruction had embodied the idea suggested by the appellants, but the failure so to do cannot be prejudicial error because the court in other instructions clearly pointed out that the cooperation must have been not only in the operation and maintenance of the place but also in its operation and maintenance as a place for the unlawful sale of intoxicating liquor. The jury could not have been misled. Nor do we find merit in one or two other complaints concerning the instructions. As a whole, they stated the law correctly.

Error is also claimed because the court failed to give certain instructions requested by the appellants. In so far as they correctly stated the law, they were covered by the instructions given and there was no error in refusing them.

Over the objections of the appellants, the state introduced considerable testimony tending to show that, at or about the time mentioned in the information, the North End Inn had the reputation in the community of being a place where intoxicating liquors were kept for sale. Inasmuch as the testimony failed to show that either Perrin, the proprietor, or Stack, the waiter, actually sold any liquor at the place in question, it was essential that the state, in order to convict, should prove that they had knowledge that such sales were

being made. This proof might have been made by showing actual knowledge of the appellants, or presumptive knowledge flowing from the fact, if it be one, that the place with which they were connected had the reputation of being one where people resorted for the purpose of obtaining and drinking intoxicating liquor. In other words, proof of the bad reputation of the place would tend to show knowledge and cooperation on the part of the appellants. It is not necessary for us to decide whether proof of reputation such as that suggested would alone be sufficient to sustain the conviction, because here there was ample affirmative testimony upon which the jury might have determined that the appellants cooperated in the conduct and management of the place with full knowledge that intoxicating liquors were being sold there. A few of the decisions tending to support this view are: *Lockhart v. State,* 58 Tex. Cr. 438, 126 S. W. 575; *Joliff v. State,* 53 Tex. Cr. 61, 109 S. W. 176; *State v. Brooks,* 74 Kan. 175, 85 Pac. 1013; *Ward v. State,* 15 Okl. Cr. 150, 175 Pac. 557; *Tindell v. State,* 196 Pac. (Okl. Cr.) 555.

We do not find any reversible error. The judgment is affirmed.

MAIN, C. J., MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.