[No. 18949. Department Two. February 17, 1925.]

THE STATE OF WASHINGTON, *Respondent*, v. PETE KALLAS *et al.*, *Appellants*.[1]

INTOXICATING LIQUORS (49)—OFFENSES—EVIDENCE. In a prosecution of jointists, error cannot be assigned on questions as to the reputation of the place in that they were not limited to "general" reputation.

WITNESSES (64)—EXAMINATION—RESPONSIVENESS OF ANSWER. Error cannot be assigned on the fact that a witness, testifying as to the reputation of a place, stated what the reputation was, in answer to a question as to whether he knew what it was.

INTOXICATING LIQUORS (49) — OFFENSES — JOINTIST — EVIDENCE— REPUTATION OF PLACE. In a prosecution of jointists, the state is entitled to show that the reputation of the place was that it was a place where intoxicating liquors were kept for sale.

SAME (51)—OFFENSES—JOINTIST—ILLEGAL POSSESSION—INSTRUCTIONS. In a prosecution of jointists, it is not error to instruct that, if the jury finds that intoxicating liquor was found on the place, and that the place was operated by the defendants, then proof of possession would be *prima facie* evidence that it was kept for unlawful sale.

CRIMINAL LAW (255)—TRIAL—INSTRUCTIONS—COMMENT ON EVIDENCE. In a prosecution for violation of the liquor laws, it is not error to instruct that the officers of the law have the right to employ others to help them enforce the criminal statutes.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered May 31, 1924,

[1]Reported in 233 Pac. 315.

upon a trial and conviction of being jointists. Affirmed.

*J. J. Lavin* and *E. W. Robertson,* for appellants.

*Chas. H. Leavy* and *C. W. Greenough,* for respondent.

MITCHELL, J.—Pete Kallas, Bill Karas and Frank Saligas were jointly charged by information with the crime of unlawfully and feloniously conducting and maintaining a place for the unlawful sale of intoxicating liquor, to wit, No. 328½ West Main avenue, in the city of Spokane. They were tried jointly, found guilty by a jury, and have appealed from a judgment on the verdict.

Several assignments of error relate to questions and answers, over the objections of the appellants, in the examination of the state's witnesses, who were police officers, concerning the reputation of appellants' place of business at and just prior to the date fixed in the information. One of the objections was that the questions, in some instances, were limited to reputation as contradistinguished from general reputation. The objection was not well taken. In the case of *State v. Poyner,* 57 Wash. 489, 107 Pac. 181, we quoted with approval the following language from *French v. Millard,* 2 Ohio St. 44 ". . . and if the word reputation, when unqualified, does *ex vi termini,* or, in common parlance, mean general reputation, as we think it does, it is unnecessary to prefix the word general." Another objection to the testimony in this respect is that instead of the witness answering the first question by stating whether he knew the reputation, and if so, then stating what it was in answer to a second question, he shortened the process by stating what the reputation was, in answer to the first question. A very common thing in practice in the introduction of testimony on that

subject. Often it is very difficult to prevent witnesses from proceeding according to that plan.

There were still further objections, including the claim that a witness was not qualified to testify upon the subject. Upon examination of the record in the case of each of such witnesses, it appears that all of them were police officers of the city, were qualified to speak of the subject-matter, and that notwithstanding apparent confusion suggested by consideration of detached questions and answers, as the matter is presented to us in appellants' assignments of error, it is apparent, upon a fair and full consideration of all of the examination of each of the witnesses upon this subject, that the testimony of each was simply to the effect that the reputation of the place in the community was that it was a place where intoxicating liquors were kept for sale. This the state was entitled to show, according to the rule laid down in the case of *State v. Perrin*, 127 Wash. 193, 220 Pac. 772.

Assignment of error is predicated upon an instruction as to the extent the jury was at liberty to take into consideration evidence of the sale of intoxicating liquor at the place, if the jury found beyond a reasonable doubt from the evidence that one or more of the defendants sold or participated in the sale and that such place was maintained or conducted by said defendants. But this instruction, considered together with the other instructions which together cover a case where three persons are tried jointly for the same offense, was proper under the case of *State v. Dukich*, 131 Wash. 50, 228 Pac. 1019, wherein a similar instruction was approved.

It is contended, also, that there was error in the following instruction:

"If you find from the evidence in this case and beyond a reasonable doubt that intoxicating liquor was

found in the place named in the information and also find that such place was operated by one or more of the defendants, either as principal or agent, then you are instructed that possession of intoxicating liquor and proof of the possession thereof is prima facie evidence that such liquor was held and kept for the pur- pose of unlawful sale or disposition. Such prima facie evidence, however, is subject to explanation or rebuttal by the defendant or defendants. And if you believe from the evidence in this case and beyond a reasonable doubt that the defendants, or either of them, did have intoxicating liquor, other than alcohol, in their possession, then you are instructed that such possession is prima facie evidence of intent to sell or dispose of it unlawfully.''

The argument is that the jury was told that, if intoxicating liquor was found on the place operated by one or more of the defendants, that then it was in their possession. Some further objection is made to the instruction, which further objection, however, fails if it shall be seen that the first objection is not good. We are satisfied that the first objection is not good. By the plain language used in the instruction, there is no suggestion that the defendants, or either of them, had possession of intoxicating liquor, or that there had been any on the place of business referred to. Whether or not there was such possession was definitely and specifically left to the jury to determine, with the understanding that, if they so found, then and in that event they should take into consideration its legal effect under the statutory rule prescribed in Rem. Comp. Stat., § 7328 [P. C. § 3179h]. That such is the meaning of the language appears to be clear, for it says *"if you find* from the evidence in this case and beyond a reasonable doubt that intoxicating liquor was found in the place named in the information and also *find* that such place was operated by one or more of the defendants, either as principal or agent, then, etc.''

One of the witnesses in the case was a special officer employed and commissioned by the public authorities to assist in making the raid on appellants' place of business. In instructing the jury it was advised:

"The authorities have a right to employ a special officer for the purpose of collecting evidence in a case such as this, as well as in other cases, and it is for you to determine from all the evidence in the case, whether given by special officers or others, whether the defendants, or either of them, are guilty of the crime with which they are charged. And if so, then it would be your duty to find them guilty, not otherwise."

The instruction is complained of on the ground that it singles out and gives undue weight and prominence to the testimony of a particular witness. But, independent of the argument of the prosecuting attorney with respect to the fairness and necessity for such instruction on account of the prominence given to the character of the employment of this witness by the cross-examination on behalf of the appellants, we have taken occasion in the very recent case of *State v. Dukich, supra,* to say:

"It certainly could not be error for the court to tell the jury that officers of the law had a right to employ others to help them enforce the criminal statutes, and we have so held in *State v. Smith,* 127 Wash. 588, 221 Pac. 603."

The assignment that the court erred in denying a motion for a new trial merits no distinctive or further consideration.

Affirmed.

TOLMAN, C. J., MACKINTOSH, HOLCOMB, and FULLERTON, JJ., concur.