[No. 19239. Department Two. July 15, 1925.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM J. MALONEY, *Appellant.*[1]

CRIMINAL LAW (448)—APPEAL—HARMLESS ERROR—EVIDENCE. Error can not be predicated upon the admission of evidence of a prior conviction of, W. J. M., in a prosecution of William J. M., where accused, on being asked, denied that he had ever been previously convicted, and the state then abandoned further effort to show a prior conviction.

WITNESSES (104) — CREDIBILITY — CONVICTION OF CRIME. Rem. Comp. Stat., § 2290, expressly authorizes the state to show a conviction of a felony or misdemeanor, for the purpose of attacking the credibility of a witness.

INTOXICATING LIQUORS (31, 50)—OFFENSES—JOINTIST—EVIDENCE— SUFFICIENCY. A person selling liquor in a joint, though acting only as an employee, may be convicted of being a jointist, since he was aiding in maintaining the place as a joint.

SAME (49)—JOINTIST—EVIDENCE—REPUTATION OF PLACE. In a prosecution for conducting a joint, it is permissible to show the reputation of the place.

Appeal from a judgment of the superior court for King county, Tallman, J., entered September 26, 1924, upon a trial and conviction of being a jointist. Affirmed.

[1]Reported in 237 Pac. 726.

*Edward H. Chavelle,* for appellant.

*Ewing D. Colvin,* for respondent.

· MACKINTOSH, J.—The appellant was found guilty of the prevalent crime of jointism, and contends that four errors resulted in his conviction.

The first is that evidence was admitted of the conviction of one W. J. Maloney for a violation of the Federal anti-narcotic act, the claim being that no proof that W. J. Maloney and William J. Maloney were the names of but one person, the defendant. The record shows that, when the question was asked of the defendant whether he had been convicted in the Federal court, he denied such conviction, and that thereupon the state went no farther into the matter, and that the record of the conviction of W. J. Maloney was not introduced in evidence. We find no error in the incident; the state merely attempted to prove a conviction and failed and no damage was done to the appellant thereby.

The second point urged is that the state committed error in asking the defendant in regard to his conviction for a misdemeanor under the state liquor laws. It is true that at one time it was not competent for the state to prove, for the purpose of affecting a defendant's credibility, a previous conviction of a misdemeanor, but that rule has been abolished by the legislature, which in its wisdom passed § 2290, Rem. Comp. Stat. [P. C. § 8725], allowing the showing of either a previous felony or misdemeanor for the purpose of attacking the credibility of a witness.

The next and third point is that there was error in the court's allowing the case to go to the jury, for the reason that there was no sufficient evidence on which a verdict might be founded, the appellant's position in this matter being that he was not the proprietor of the

place in which the liquor was sold, and therefore is not responsible for the conduct of it. The evidence shows, however, that while the appellant may not have been the proprietor, intoxicating liquors were sold in the place by him, and although he may have been only an employee, the jury was justified in finding that he was liable under the statute, as the evidence showed that the place was being conducted as a joint and that the defendant, as an agent or employee, aided in continuing and maintaining it as such. *State v. Rousseau,* 111 Wash. 533, 191 Pac. 634; *State v. Malanca,* 121 Wash. 128, 208 Pac. 258.

The last point is that there was error in admitting testimony as to the reputation of the place alleged to have been a joint. This court has held that such evidence is admissible. *State v. Perrin,* 127 Wash. 193, 220 Pac. 772.

Finding no error in the record, the judgment is affirmed.

TOLMAN, C. J., HOLCOMB, FULLERTON, and MAIN, JJ., concur.