[No. 20029. *En Banc.* August 17, 1926.]

## THE STATE OF WASHINGTON, *Respondent,* v. CHRIS RADOFF, *Appellant.*[1]

[1] INTOXICATING LIQUORS (49)—OFFENSES—JOINTIST—REPUTATION OF PLACE—EVIDENCE—ADMISSIBILITY. In a prosecution of a jointist, it is error, requiring a reversal, to admit evidence of the general reputation of the place, where the accused alone was running the place without any assistance and all possession of liquor or sales had or made, if at all, were by him alone.

[2] SAME (49). In a prosecution of a jointist, evidence of the reputation of the place should refer to the time charged and not to the time of the trial.

[3] SAME (49)—EVIDENCE—PRIOR SEIZURE OF LIQUOR—ADMISSIBILITY. In a prosecution of a jointist, it is not error to receive evidence of seizures of liquor from the place a few months before the date charged.

[4] CRIMINAL LAW (109)—EVIDENCE—ADMISSIBILITY—FORMER CONVICTION OF ACCUSED. Accused, testifying in his own behalf, may be impeached by evidence of his prior conviction of crime, notwithstanding the same was under a plea of *nolo contendere.*

Appeal from a judgment of the superior court for Pacific county, Hewen, J., entered August 29, 1925, upon a trial and conviction of being a jointist. Reversed.

*J. J. Langenback* and *A. Emerson Cross,* for appellant.

*A. D. Gillies* and *John I. O'Phelan,* for respondent.

MACKINTOSH, J.—The appellant, having been found guilty of maintaining a joint, is entitled to a new trial, for the reason that evidence of the general reputation of the place of business conducted by him was improperly admitted.

[1] From the testimony, it appears that the appellant himself was conducting business in the place which

[1]Reported in 248 Pac. 405.

it is alleged was a joint, without the assistance of any-
one, and that all possession of intoxicating liquor, sale
or disposal of it, was had and made, if at all, by the ap-
pellant himself. The appellant admitted that he was
the owner of the place, and in the actual conduct of
business there, at all the times referred to in the action.
Under such circumstances, to permit witnesses to tes-
tify to the general reputation of the place, as being one
where intoxicating liquor was sold, was erroneous. The
purpose of the admission in cases of this character of
evidence of reputation is to establish the knowledge of
the person being prosecuted of the character of the
business being conducted. Evidence of reputation is,
therefore, unnecessary in a case where an owner is on
trial, who is conducting the business unassisted by any
agent or servant or employee. In such case, the gen-
eral rule should apply that reputation, which is hearsay
evidence, is not proof upon which a conviction can be
had.

The supreme court of Kansas in *State v. Brooks,* 74
Kan. 175, 85 Pac. 1013, said this:

"After abundant evidence had been introduced to
prove that the defendant's building had been used as
a place where intoxicating liquors were sold in viola-
tion of law, the state was permitted over the defend-
ant's objection to show that such illegal use was a
matter of general reputation in the community, and this
ruling is complained of as error. Of course the state
could not have been permitted to show that the place in
question was commonly reputed to be a liquor nuisance
for the purpose of establishing that it was such in fact;
but when sufficient proof had otherwise been made of
its real character evidence that such character was a
matter of public notoriety was competent, as bearing
upon the probability of notice thereof having reached
the defendant, who was engaged in business in a neigh-
boring building."

This court has already recognized the limitations surrounding the admissibility of reputation evidence in this class of cases, for in *State v. Perrin,* 127 Wash. 193, 220 Pac. 772, it is said:

"Over the objections of the appellants, the state introduced considerable testimony tending to show that, at or about the time mentioned in the information, the North End Inn had the reputation in the community of being a place where intoxicating liquors were kept for sale. Inasmuch as the testimony failed to show that either Perrin, the proprietor, or Stack, the waiter, actually sold any liquor at the place in question, it was essential that the state, in order to convict, should prove that they had knowledge that such sales were being made. This proof might have been made by showing actual knowledge of the appellants, or presumptive knowledge flowing from the fact, if it be one, that the place with which they were connected had the reputation of being one where people resorted for the purpose of obtaining and drinking intoxicating liquor. In other words, proof of the bad reputation of the place would tend to show knowledge and cooperation on the part of the appellants."

[2] This disposition of this assignment of error makes it unnecessary to discuss the question of whether evidence of the reputation of the place of business was improper, in that it referred to reputation at the time of the trial. Before evidence of reputation is properly admissible it should refer to it, not as of the time of trial, but as of the time in issue under the information.

[3] We find no error in the two other assignments made by the appellant, the first relating to the admission of evidence as to seizure of liquor in the appellant's place of business a few months before the date alleged in the information, the testimony showing that at both times the place was being occupied and operated by the appellant.

[4] Nor was there any error in admitting evidence of a prior conviction of the appellant as impeachment of him. It is argued in this connection that the former conviction, having taken place under a plea of *nolo contendere,* was inadmissible; but we find that the authorities generally hold that testimony of a conviction based upon that plea is subsequently properly admissible as against a person so convicted as affecting his credibility, although a conviction upon that plea has not in all respects the same effect as a conviction after trial or on a plea of guilty. *State v. Herlihy,* 102 Me. 310, 66 Atl. 643; *State v. Conway,* 20 R. I. 270, 38 Atl. 656; *State v. Burnett,* 174 N. C. 796, 93 S. E. 473, L. R. A. 1918A 955; *State v. Henson,* 66 N. J. L. 601, 50 Atl. 468, 616; *Tucker v. United States,* 116 C. C. A. 62, 196 Fed. 260, 41 L. R. A. (N. S.) 70.

For the reason that improper evidence was admitted which was prejudicial to the appellant, the judgment is reversed, and the case remanded for a new trial.

TOLMAN, C. J., BRIDGES, FULLERTON, MAIN, PARKER, MITCHELL, and ASKREN, JJ., concur.