[No. 19822. Department Two. December 21, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v. FRED
ESPELAND, *Appellant*.[1]

[1] INTOXICATING LIQUORS (49)—JOINT—REPUTATION OF PLACE—EVI-
DENCE—ADMISSIBILITY. In a prosecution of a jointist, the place
being a dwelling house under his control, it is error to admit
evidence of the bad reputation of the place where the defendant
was alone responsible for conducting the place.

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered June 10, 1925,
upon a trial and conviction of being a jointist. Re-
versed.

*E. C. Dailey* and *A. E. Dailey*, for appellant.

*C. T. Roscoe, John C. Richards,* and *Charles R.
Denney,* for respondent.

PARKER, J.—The defendant Espeland was charged
by information, filed in the superior court for Sno-
homish county, with the crime of being a jointist, in
that he maintained a place in that county for the un-
lawful sale of intoxicating liquor; the charge being
made under Rem. Comp. Stat. §7328, [P. C. §3179h].
His trial in the superior court resulted in a verdict of
a jury finding him guilty as charged and a judgment
rendered thereon accordingly, from which he has ap-
pealed to this court.

[1] Contention is here made in behalf of Espeland
that the trial court erred to his prejudice in allowing,
over his counsel's objection, the introduction upon the
trial of testimony to show the reputation of the place
in question, which was Espeland's dwelling house,
wherein he resided with his wife and children. The
evidence introduced by the prosecution, pointing to

[1]Reported in 251 Pac. 562.

who maintained the place as the head of the household and as to who maintained the place for the unlawful sale of intoxicating liquor, pointed only to Espeland as the person personally maintaining the place and the one having full knowledge of all that was done there in connection with the alleged unlawful sale of intoxicating liquor. Evidence having been introduced thus tending to show Espeland's connection with the place, the prosecuting attorney, over objection of his counsel, interrogated and obtained from a witness, being examined in chief in support of the prosecution, the following:

"Q. You know the general reputation of this dwelling where the defendant lived during the period commencing on the 12th day of July, 1924, and ending on the 21st day of April, 1925, as a place wherein intoxicating liquors could or could not be bought? A. Yes, sir. Q. What is that general reputation? A. Well, the reputation is bad; could buy moonshine there."

This also occurred, in substance, in the interrogation of another witness, while being examined in chief in support of the prosecution.

In our late decision *En Banc* in *State v. Radoff*, 140 Wash. 202, 248 Pac. 405, we held testimony of this nature to be erroneously received to the prejudice of the accused, there being no occasion to bring home to the accused knowledge of the maintenance of the place for the unlawful sale of intoxicating liquor. In this case, as in that, the general reputation of the place was in no sense properly drawn in question. Our former decisions touching the question of admissibility of evidence of reputation of a place, when critically read, are not out of harmony with our conclusion reached in that case and in this case. *Hutchinson Inv. Co. v. Van Nostern,* 99 Wash. 549, 170 Pac. 121; *State v. Perrin,* 127 Wash. 193, 220 Pac. 772; *State v. Anderson,*

132 Wash. 551, 232 Pac. 275; *State v. Kallas,* 133 Wash. 23, 233 Pac. 315; *State v. Maloney,* 135 Wash. 309, 237 Pac. 726; *State v. Panovich,* 136 Wash. 20, 238 Pac. 903.

In *Louisville & Nashville R. Co. v. Hall,* 87 Ala. 708, 6 So. 277, 13 Am. St. 84, 4 L. R. A. 710, Chief Justice Stone, speaking for the court, very pertinently observed:

"Proof of general notoriety is generally admissible as tending to prove notice of a fact, when such notice is a material inquiry; but it is never competent to prove the fact itself."

This statement of the law may be subject to some seeming exceptions, but we think there are no exceptions applicable, or of any controlling effect, in our present inquiry. 22 C. J. 478.

We conclude that our decision in *State v. Radoff, supra,* is controlling in support of the contentions here made in behalf of appellant Espeland. The judgment is reversed, and the cause remanded to the superior court with directions to award Espeland a new trial.

TOLMAN, C. J., MACKINTOSH, BRIDGES, and ASKREN, JJ., concur.