[No. 19953.  *En Banc.*  April 18, 1927.]

THE STATE OF WASHINGTON, *Respondent,* v. EDWARD
FAIRFIELD, *Appellant,* LEW FAIRFIELD
*et al., Defendants.*[1]

[1] INTOXICATING LIQUORS (49)—OFFENSES—JOINTIST—REPUTATION
OF PLACE—EVIDENCE—ADMISSIBILITY.  In a prosecution of a
jointist, evidence of the reputation of the place is admissible
where it appears that the accused conducted the place jointly
with another, and that sales were made at the place, and
whether defendant had knowledge of such sale was a material
inquiry.

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered April 6, 1925,
upon a trial and conviction of being a jointist. Affirmed.

*Joseph H. Smith,* for appellant.

*C. T. Roscoe, John C. Richards,* and *Charles R.
Denney,* for respondent.

FULLERTON, J.—This cause was first heard by a De-
partment of this court, following which an opinion was
handed down affirming the judgment of conviction
rendered in the trial court. *State v. Fairfield,* 140
Wash. 349, 248 Pac. 810. On this second hearing, all of
the errors assigned for reversal at the first hearing
have been reargued, but we do not feel that we need
review them again in detail. We think the information
sufficient; that there was sufficient proof of venue; and
that there was ample evidence from which the jury
could find that the place charged to be maintained as a
place for the unlawful sale of intoxicating liquor was
so maintained, and that the appellant was at least a
joint proprietor of the place.

[1] The principal contention of the appellant is, how-

[1]Reported in 255 Pac. 661.

ever, that the Department was wrong in holding that the trial court did not err in admitting evidence of the reputation of the place as a place maintained for the unlawful sale of intoxicating liquor. Our attention is called to our recent cases of *State v. Radoff*, 140 Wash. 202, 248 Pac. 405, and *State v. Espeland*, 141 Wash. 364, 251 Pac. 562, and it is argued that the holding in the Department opinion is contrary to our holding in these cases. But we think the appellant mistakes the effect of the cases which he cites. In the first of the cases, we said:

"From the testimony, it appears that the appellant himself was conducting business in the place which it is alleged was a joint, without the assistance of anyone, and that all possession of intoxicating liquor, sale or disposal of it, was had and made, if at all, by the appellant himself. The appellant admitted that he was the owner of the place, and in the actual conduct of business there, at all times referred to in the action. Under such circumstances, to permit witnesses to testify to the general reputation of the place, as being one where intoxicating liquor was sold, was erroneous. The purpose of the admission in cases of this character of evidence of reputation is to establish the knowledge of the person being prosecuted of the character of the business being conducted. Evidence of reputation is, therefore, unnecessary in a case where an owner is on trial, who is conducting the business unassisted by any agent or servant or employee. In such case, the general rule should apply that reputation, which is hearsay evidence, is not proof upon which a conviction can be had."

In the second of the cases, it was shown that the accused was the person who actually maintained the place, and had "full knowledge of all that was done there in connection with the alleged unlawful sale of intoxicating liquor," and that the evidence of the reputation of the place was introduced as cumulative evidence. This we held error, using this language:

"In our late decision *En Banc* in *State v. Radoff*, 140 Wash. 202, 248 Pac. 405, we held testimony of this nature to be erroneously received to the prejudice of the accused, there being no occasion to bring home to the accused knowledge of the maintenance of the place for the unlawful sale of intoxicating liquor. In this case, as in that, the general reputation of the place was in no sense properly drawn in question. Our former decisions touching the question of admissibility of evidence of reputation of a place, when critically read, are not out of harmony with our conclusion reached in that case and in this case. *Hutchinson Inv. Co. v. Van Nostern*, 99 Wash. 549, 170 Pac. 121; *State v. Perrin*, 127 Wash. 193, 220 Pac. 772; *State v. Anderson*, 132 Wash. 551, 232 Pac. 275; *State v. Kallas*, 133 Wash. 23, 233 Pac. 315; *State v. Maloney*, 135 Wash. 309, 237 Pac. 726; *State v. Panovich*, 136 Wash. 20, 238 Pac. 903."

But this is not to hold, as the appellant seems to contend, that it is error in every instance to admit evidence of this character where the charge is the maintenance of a place for the unlawful sale of intoxicating liquor. In the cited cases, we but recognized the general rule that evidence of common repute is not competent to prove the substance of the issue, but is competent only to prove notice of a fact when notice of such fact becomes a material inquiry. The cases, it will be noticed, do not overrule, but are distinguished from, our numerous cases where we have held such evidence admissible.

The instant case does not fall within the rule of the cited cases. Here, the appellant was not the sole proprietor of the place. The evidence tended to show that he conducted it jointly with another. While there was evidence of actual sales of intoxicating liquor at the place, there was no positive evidence that the appellant himself made such sales, or participated in or had knowledge of the sales made by others; in fact, he not only denied that he assisted in maintaining it as a place

for the unlawful sale of intoxicating liquor, but denied having knowledge that it was so maintained. Whether he had such knowledge was, therefore, a material inquiry, and evidence of the reputation of the place was competent on that issue.

The judgment is affirmed.

MACKINTOSH, C. J., ASKREN, PARKER, TOLMAN, MAIN, MITCHELL, and FRENCH, JJ., concur.