[No. 20092.   Department Two.   April 19, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. ELIZABETH STUTTARD, *Appellant*, E. B. FISH, *Defendant*.[1]

[1] INTOXICATING LIQUORS (49)—OFFENSES—JOINTIST — REPUTATION OF PLACE—EVIDENCE—ADMISSIBILITY. Upon a prosecution of two persons for operating a joint, in which there was evidence of sales by both of them, it is reversible error to receive evidence of the reputation of the place as a place where intoxicating liquors were sold, as evidence of reputation is admissible only to show defendant's knowledge of the character of the business carried on.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered February 17, 1926, upon a trial and conviction of being a jointist. Reversed.

¹Reported in 255 Pac. 663.

*Joseph H. Smith,* for appellant.

*C. T. Roscoe, Charles R. Denney,* and *John C. Richards,* for respondent.

ASKREN, J.—The state charged the defendants, Fish and Stuttard with being jointists. Upon trial both were convicted, and Stuttard alone appeals.

[1] The main assignment of error is that the court erred in admitting evidence of the reputation of the premises as a place where intoxicating liquors were sold, after the state had introduced evidence of direct sales by both of the defendants. It is thus claimed that, since there was actual knowledge of each defendant shown, there was no need to resort to reputation evidence. The contention is indeed meritorious. The theory upon which evidence of this character is admissible is well stated in *State v. Perrin,* 127 Wash. 193, 220 Pac. 772:

"Over the objections of the appellants, the state introduced considerable testimony tending to show that, at or about the time mentioned in the information, the North End Inn had the reputation in the community of being a place where intoxicating liquors were kept for sale. Inasmuch as the testimony failed to show that either Perrin, the proprietor, or Stack, the waiter, actually sold any liquor at the place in question, it was essential that the state, in order to convict, should prove that they had knowledge that such sales were being made. This proof might have been made by showing actual knowledge of the appellants, or presumptive knowledge flowing from the fact, if it be one, that the place with which they were connected had the reputation of being one where people resorted for the purpose of obtaining and drinking intoxicating liquor. In other words, proof of the bad reputation of the place would tend to show knowledge and cooperation on the part of the appellants."

That decision was followed in *State v. Anderson,* 132 Wash. 551, 232 Pac. 275; *State v. Kallas,* 133 Wash. 23, 233 Pac. 315; *State v. Maloney,* 135 Wash. 309, 237 Pac. 726; *State v. Panovich,* 136 Wash. 20, 238 Pac. 903.

We took occasion, however, in *State v. Radoff,* 140 Wash. 202, 248 Pac. 405, to point out that, since the purpose of such evidence was to establish knowledge on the part of the defendants of the character of the place, it could not be admitted in a case where the evidence showed the person charged to be the sole person conducting the place, and therefore to have actual knowledge. We said:

"The purpose of the admission in cases of this character of evidence of reputation is to establish the knowledge of the person being prosecuted of the character of the business being conducted. Evidence of reputation is, therefore, unnecessary in a case where an owner is on trial, who is conducting the business unassisted by any agent or servant or employee. In such case, the general rule should apply that reputation, which is hearsay evidence, is not proof upon which a conviction can be had."

Again, in *State v. Espeland,* 141 Wash. 364, 251 Pac. 562, we reaffirmed this rule in a case similar upon the facts.

In our very recent decision in *State v. Fairfield,* *ante* p. 355, 255 Pac. 661, we have again recognized this rule in holding that evidence of reputation was admissible in that case where although "there was evidence of actual sales of intoxicating liquor at the place, there was no positive evidence that the appellant made such sales, or participated in, or had knowledge of, the sales made by others. . . ."

These decisions must govern this case. Since the state showed that each of the defendants made sales it had shown actual knowledge as to each of them.

The state insists that, while the rule is applicable in

cases where the person charged is the only person maintaining the place, that the rule is inapplicable where two or more are joined, unless the evidence shows that both were present at all times.

It is said that if two are charged, and the evidence as to only one of them shows actual knowledge, then as to the other presumptive knowledge may be shown by means of reputation evidence. This much, we grant, follows from our previous rulings. This argument is followed by the assertion that, since the jury may disbelieve the evidence as to sales or actual knowledge of one of the defendants, reputation evidence should be admitted to establish presumptive knowledge. But we cannot agree with such a conclusion. Evidence of this character is contrary to the general rule, and its admission is usually justified upon the ground of the extreme difficulty of establishing the fact of actual knowledge. It partakes of the nature of hearsay testimony to such an extent that its admission should be carefully guarded. Its effect is usually more prejudicial than any direct evidence could possibly be, and impels the conclusion that it should be resorted to only in those cases that come clearly under the rule. We conceive a just rule to be that whenever the state has shown a sale by a defendant or his presence at a sale with knowledge thereof, it has then established actual knowledge of the character of the place, and that presumptive knowledge may not then be shown by reputation evidence. But if the state's evidence shows only facts from which knowledge may be inferred or presumed, or if the state fails to show any such facts, it may, in either case, offer evidence of reputation to show presumptive knowledge.

The judgment is reversed.

MACKINTOSH, C. J., PARKER, and TOLMAN, JJ., concur.