[No. 20392. Department Two. July 20, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. THOMAS MAVROS, *Appellant*, ED. GRAHAM *et al.*, *Defendants.*[1]

[1] INTOXICATING LIQUORS (49)—OFFENSES—JOINTIST—REPUTATION OF PLACE—EVIDENCE—ADMISSIBILITY. In a prosecution of a jointist, it is error to admit evidence of the reputation of the place, where there was evidence of sales made by the accused, sufficient to establish his actual knowledge of the purpose for which the premises were being used.

Appeal from a judgment of the superior court for King county, Hall, J., entered October 6, 1925, upon a trial and conviction of being a jointist. Reversed.

*Paul Carrigan,* for appellant.

*Ewing D. Colvin* and *Ethan Allen Peyser,* for respondent.

ASKREN, J.—Appellant Mavros appeals from a conviction of being a jointist and a sentence to the penitentiary. Many assignments of error are noted, but the only one which we think requires consideration in this opinion is the claim that the court erred in permitting reputation evidence concerning the premises which the appellant was alleged to have maintained as a place for the sale of liquor.

¹Reported in 258 Pac. 21.

[1] The evidence showed sales of intoxicating liquor by the appellant Mavros. Under the rule of *State v. Stuttard,* 143 Wash. 426, 255 Pac. 663, and *State v. Radoff,* 140 Wash. 202, 248 Pac. 405, this was sufficient to establish actual knowledge of the purpose for which the premises were used, and reputation evidence was therefore inadmissible.

Judgment reversed.

MACKINTOSH, C. J., TOLMAN, HOLCOMB, and MAIN, JJ., concur.