[No. 20950. Department One. March 19, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM WILSON *et al., Defendants,* DAN CASPERSON, *Appellant.*[1]

[1] INTOXICATING LIQUORS (49)—OFFENSES—JOINTIST—REPUTATION OF PLACE—EVIDENCE—ADMISSIBILITY. In a prosecution of a proprietor of a hotel as a jointist, evidence of the reputation of the place as a joint is inadmissible, where there is direct testimony showing knowledge on the part of the proprietor as to sales of liquor.

Appeal from a judgment of the superior court for King county, Moriarty, J., entered June 27, 1927, upon a trial and conviction of being a jointist. Reversed.

*Crandell & Crandell,* for appellant.

*Ewing D. Colvin* and *James M. Bailey,* for respondent.

FRENCH, J.—The defendant, Dan Casperson, is proprietor and operator of a large hotel, containing more than one hundred rooms, situated in the business district of the city of Seattle. He and certain other defendants were charged with maintaining such hotel as a joint, and he alone appeals from a judgment of conviction.

A large number of witnesses were called by the state and testified as to the general reputation of the hotel as being a place where intoxicating liquors were sold. There was direct and positive testimony on the part of two of the state's witnesses covering the question of the defendant Dan Casperson's participation in, and knowledge of, the handling of liquor in the hotel.

"The purpose of the admission in cases of this character of evidence of reputation is to establish the

[1]Reported in 265 Pac. 462.

knowledge of the person being prosecuted of the character of the business being conducted.'' *State v. Radoff*, 140 Wash. 202, 248 Pac. 405.

See, also, *State v. Espeland,* 141 Wash. 364, 251 Pac. 562.

Again we announce the rule that reputation evidence is not admissible in cases of this character, where there is direct and positive testimony showing knowledge on the part of the owner or proprietor.

Judgment reversed.

PARKER, TOLMAN, and MITCHELL, JJ., concur.