[No. 22251. Department One. March 17, 1930.]

THE STATE OF WASHINGTON, *Respondent*, v. BERT REMICK *et al., Appellants.*[1]

*Charles D. McCarthy,* for appellants.

*Joseph A. Mallery* and *Cecil C. Hallin,* for respondent.

TOLMAN, J.—Appellants were jointly charged with the offense of possession of intoxicating liquor with intent to sell, found guilty by a jury, and sentenced, one to a term in the state reformatory, the other to a term in the county jail with a fine which was suspended.

[1]Reported in 286 Pac. 67.

Both have appealed, but the errors assigned and the argument here are directed chiefly, if not entirely, to the case against Frank Remick, who is the one who received the sentence to the reformatory and the son of appellant Bert Remick.

The errors assigned go to the sufficiency of the evidence as against Frank Remick, the admission of improper evidence, the failure to grant a new trial, and the denial of a motion by Frank Remick for a separate trial.

As to the last assignment, it is necessary to say only that each of the appellants was charged with one or more prior convictions, and therefore the ruling complained of was well within what was held to be discretionary in *State v. Hurlbert,* 153 Wash. 60, 279 Pac. 123.

Liquor in considerable quantities was found in a storeroom in the city of Kelso, in the forward part of which was conducted a retail business under the name of Marine Fish Market, managed by Frank Remick. The rear portion of the storeroom, which was not cut off by any partition, was used in part for the storage of merchandise to be sold in the market and in part for the storage of various odds and ends having no apparent relation to the business conducted by the market. The persons employed in the business of the market had free access to all of the rear portion of the room and necessarily so because of the merchandise kept there. The father, Bert Remick, having no connection with the market, claimed to have control of the back or rear portion of the room in which, for the most part, the liquor was found, and also claimed that all of the liquor found was his and in his exclusive possession.

Because of the relation he bore to his son and his interest in the result of the trial, the jury was not

bound to believe his evidence in that respect, and all of the attendant circumstances were such as to present a situation warranting an inference by the jury that the son also had possession as the law defines that term. There was no error in denying the motion on behalf of appellant Frank Remick for a dismissal.

■ Considerable testimony was introduced as to reputation. The state, relying upon certain decisions of this court, sought to show, ostensibly, the reputation of the Marine Fish Market as being a place where liquor was commonly sold, but there is rather convincing evidence that the purpose was to go further and show the reputation of Frank Remick in that respect.

After some questions upon the subject had been asked, objected to, the objections ruled upon and some questions, in part, answered, the following occurred:

"MR. MALLERY: Strike the question. I will re-word it. Q. Are you acquainted with the reputation of Mr. Frank Remick as far as it has—no, are you acquainted with the reputation of the Marine Fish Market in its relation to the sale therein of liquor by the defendant Frank Remick. Answer that Yes or No. A. Yes. Q. What is that reputation? MR. PHILLIPS: Same objection. OBJECTION OVERRULED. Q. What is that reputation? A. He has got a reputation of selling whiskey there all the time. It is a common thing around town."

Much the same thing occurred in the examination of each of three subsequently called witnesses. In each instance the name of Frank Remick was included in either the questions or the answers or both, and in spite of timely objections, the jury was clearly and unmistakably advised that the witnesses believed that Frank Remick had a well recognized reputation of being a consistent offender against the liquor laws. This, we think will not do, under any rule heretofore sanctioned by this court.

We have upheld the admission of evidence as to

reputation of a place in jointist cases where the gist of the charge is the maintaining of a place for the sale of intoxicating liquor and no evidence that the person charged had actually participated in the making of sales at the place has been produced. *State v. Perrin,* 127 Wash. 193, 220 Pac. 772; *State v. Panovich,* 136 Wash. 20, 238 Pac. 903; this upon the theory that:

" . . . evidence of common repute is not competent to prove the substance of the issue, but is competent only to prove notice of a fact when notice of such fact becomes a material inquiry." *State v. Fairfield,* 143 Wash. 355, 255 Pac. 661.

Consequently, where it has been shown that the accused had actual knowledge, or himself made sales, or where it appeared that he was wholly responsible for the place, evidence of reputation has invariably been held inadmissible. *State v. Radoff,* 140 Wash. 202, 248 Pac. 405; *State v. Espeland,* 141 Wash. 364, 251 Pac. 562; *State v. Stuttard,* 143 Wash. 426, 255 Pac. 663; *State v. Mavros,* 144 Wash. 340, 258 Pac. 21; *State v. Wilson,* 147 Wash. 132, 265 Pac. 462. The reasons for these various holdings are clearly set out in the cited cases and need not be here restated.

It must be borne in mind that this is not a case where the accused had placed his character in issue. Indeed, the time had not come when he could have done so, and, according to the record, he offered no evidence as to good character at all. Therefore, there was no issue as to character for the state to meet. 8 R. C. L. 212, § 208.

So far as we are now aware, evidence as to reputation of a place has never been by this court held to be admissible in any other than a jointist's case, and, while we now see no good reason for extending the rule to possession cases and generally, for obvious reasons, are disinclined to extend the doctrine beyond

its present limits, yet the question is not necessarily here in this case and we leave it to be decided when it is squarely presented.

The facts which we have stated show very clearly that in this case the state was not proceeding against the place, but sought to show appellant's reputation as a violator of the liquor laws, not for the purpose of showing knowledge of sales, but that the jury might find that, because of his reputation and the reputation of the place, he might be expected to have liquor in possession with intent to sell. This is using reputation to prove the substance of the issue which was condemned in the *Fairfield* case, *supra,* and convicting of one crime by proof that the accused has at some other time been guilty of another, which was condemned in *State v. Devlin,* 145 Wash. 44, 258 Pac. 826.

The judgment is affirmed as to appellant Bert Remick, and reversed only as to appellant Frank Remick, with instructions to grant him a new trial.

MITCHELL, C. J., PARKER, BEALS, and MILLARD, JJ., concur.